## 42141. HALL v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

### (331 SE2d 530)

GREGORY, Justice.

Billy Howard Hall sued State Farm Mutual Automobile Insurance Company (State Farm) in the Superior Court of Stephens County on an automobile insurance policy. The trial court granted summary judgment for State Farm. Hall appealed to the Court of Appeals. The court was divided four votes to four, with one judge disqualified. Thereafter, the matter was transferred to this court in accordance with Art. VI, Sec. V, Par. V of the Constitution of the State of Georgia.

The issue is whether medical payment benefits are excess over $5,000 in benefits provided by OCGA § 33-34-4 (a) (2) or excess over additional benefits available under OCGA § 33-34-5 (a) (1).

State Farm issued a policy to Hall with a provision for the "no-fault" statutory minimum personal injury protection (PIP) of $5,000. The insurance contract also promised to pay Hall up to $5,000 in medical payment benefits for any medical expenses not paid under PIP. Hall was later injured in an automobile accident and suffered $10,249.94 in medical damages. Hall made a claim for the full amount under PIP. He asserted that he was entitled not only to the minimum $5,000 PIP coverage, but also up to $45,000 additional coverage available to him through OCGA § 33-34-5 (a) (1) and pursuant to the Court of Appeals' ruling in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980). *See also Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). State Farm agreed to pay this claim. However, the insurance company refused to pay another claim by Hall for $5,000 on top of his PIP benefits under his policy's medical payment benefits clause.

The dispute over the additional $5,000 revolves around OCGA § 33-34-8 (d) which provides that medical payment benefits are excess over any benefits required by the no-fault chapter. Hall contends that the only benefits "required" by the no-fault chapter are the minimum $5,000 PIP of OCGA § 33-34-4 (a) (2). Thus, Hall claims, he is entitled to his $5,000 medical payment benefits because it is in excess of the required minimum amount of no-fault benefits, which was paid out already by State Farm.

State Farm, on the other hand, contends that the intent of the statute is that medical payment benefits need not be paid until all available benefits under the chapter are exhausted, including those paid pursuant to OCGA § 33-34-5 (a) (1). Thus, the company contends, since Hall was paid the full costs of his medical benefits under provisions of the no-fault chapter, he should receive no additional medical payments.

The dispute is resolved by a consideration of the words of the statute. They are:

"Medical payment benefits and uninsured motorists' benefits payable under coverages in motor vehicle insurance policies shall be excess over any benefits required by this chapter." OCGA § 33-34-8 (d).

"This chapter" refers to chapter 34 of the Code which is known as the "Georgia Motor Vehicle Accident Reparations Act." OCGA § 33-34-1. Within chapter 34 are sections 4 and 5. Section 4 prescribes certain minimum required coverages. OCGA § 33-34-4. Section 5 prescribes certain optional coverages. OCGA § 33-34-5. If a policy of insurance is issued it must contain the coverages of section 4 and may contain the coverages of section 5 at the election of the insured. The *coverages* of section 4 are required and the *coverages* of section 5 are required to be offered by the insurer and may be accepted at the option of the insured. However, any *benefits* which are ultimately paid under either section 4 or 5 are paid as a result of the requirements of chapter 34. In one section the requirement was that the coverage be provided; in the other it was the requirement that the coverage be offered. In either section the benefits paid are a result of the requirements of the chapter. This means, of course, medical payment benefits are excess over benefits paid under either section 4 or section 5.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 27, 1985 —
REHEARING DENIED JULY 24, 1985.

*Cornwell & Church, James E. Cornwell, Jr.,* for appellant.
*Blasingame, Burch, Garrard & Bryant, Gary B. Blasingame, David E. Barrett,* for appellee.