70063. EMOND v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(333 SE2d 656)

CARLEY, Judge.

The facts relevant to this appeal are as follows: Appellant-plaintiff was injured in an automobile collision in 1979. Appellant was insured by appellee-defendant. Although the policy specifically purported to provide only basic PIP coverage, appellant had "the right to demand and receive the benefit of $50,000 [optional PIP] coverage upon [her] tender . . . of such additional premium as may be due and filing of proof of loss. . . ." *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (300 SE2d 673) (1983). However, since *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980) and *Flewellen v. Atlanta Cas. Co.*, supra, had yet to be decided at the time, appellant received only her $5,000 basic PIP benefits. Appellant's policy with appellee also provided $5,000 medical payment coverage for the "payment of medical expenses incurred for services furnished within one year from the date of the accident." The policy also provided that medical payment coverage "shall be excess insurance over any Personal Injury Protection benefits paid or payable under this or any other automobile insurance policy because of bodily injury

sustained by an eligible injured person." After appellant was paid $5,000 in basic PIP benefits, she was paid the full $5,000 of her excess medical payment benefits.

Subsequent to the decision in *Flewellen v. Atlanta Cas. Co.*, supra, appellant paid a premium for $50,000 optional PIP coverage. Appellee agreed that appellant was entitled to that coverage. Appellee, having already paid $10,000 of appellant's claims in the form of $5,000 basic PIP and $5,000 excess medical payments, paid $40,000 more, bringing its total payments to $50,000. Appellant then submitted a claim for medical expenses, all of which she had incurred more than one year after the collision. Appellee refused to pay this claim.

Appellant then instituted the instant civil action against appellee. Under the allegations of the complaint, appellant asserted that she had been paid only $45,000 in PIP benefits and that she was entitled to an additional $5,000 in such benefits. Appellee answered, and among its other defenses, asserted that appellant "has been paid all benefits available under [the] terms of the applicable policy."

Cross motions for summary judgment were filed. The trial court concluded that the $5,000 that had originally been paid to appellant under the excess medical payment coverage of the policy should, as the result of appellant's subsequent invocation of *Flewellen v. Atlanta Cas. Co.*, supra, be reallocated so as to be considered as payment under her optional PIP coverage. Thus, rather than $45,000 in PIP benefits and $5,000 in excess medical payment benefits, the trial court determined that $50,000 in PIP benefits had already been paid to appellant. The trial court further concluded that appellant would not be afforded excess medical payment coverage under the terms of the policy until her full $50,000 in PIP benefits had first been exhausted. The trial court's final conclusion was that appellant was not entitled to any additional benefits for her medical expenses under the policy. According to the trial court's analysis, appellant was not entitled to recover pursuant to the PIP coverage, which had already been exhausted at $50,000, or pursuant to her excess medical payment coverage, which required that medical expenses be incurred within one year of the collision. Summary judgment was granted in favor of appellee. Appellant's motion for summary judgment was denied. Appellant appeals, asserting that appellee was erroneously granted summary judgment and that she was erroneously denied partial summary judgment as to liability for the $5,000 in additional benefits.

1. The trial court was correct in holding that appellant was not entitled to excess medical payment benefits under the terms of her policy until her full $50,000 in PIP benefits had first been exhausted. *Hall v. State Farm Mut. Auto. Ins. Co.*, 254 Ga. 633 (331 SE2d 530) (1985).

2. The issue thus becomes whether the trial court erred in deter-

mining that the $5,000 which was originally paid as excess medical payment benefits should now be deemed reallocated so as to have constituted payment under appellant's PIP coverage.

OCGA § 13-1-13 provides, in relevant part, as follows: "Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property." Although appellee does not seek a $5,000 judgment against appellant, it does seek to have the $5,000 that it originally paid as excess medical payment benefits now applied against its liability to appellant for optional PIP benefits. Under these circumstances, we believe that OCGA § 13-1-13 is applicable. Cf. *Mitchell v. Holden*, 58 Ga. App. 712, 713 (3) (199 SE 835) (1938). "An insurer cannot recover the payment of a claim made by mistake without showing a valid reason for failing to ascertain the truth." *Barker v. Federated Life Ins. Co.*, 111 Ga. App. 171 (141 SE2d 206) (1965).

"While money voluntarily paid may not ordinarily be recovered, this rule is not without exception. [Cits.]" *Greene v. McIntyre*, 119 Ga. App. 296, 298 (167 SE2d 203) (1969). "If [payment] was made in ignorance of law, recovery is barred; if in mistake of law, recovery is permitted. [Cits.]" *American Surety Co. v. Groover*, 64 Ga. App. 865, 870 (14 SE2d 149) (1941) (On Motion For Rehearing). As noted above, appellant in the instant case was paid the $5,000 in excess medical payment benefits *after* she had exhausted her basic PIP benefits but *prior* to the determination that she was entitled to an additional $45,000 in optional PIP benefits. Compare *Hawkins v. Travelers Ins. Co.*, 162 Ga. App. 231, 235 (290 SE2d 348) (1982). Appellee contends that, but for its mistaken interpretation of the no-fault law prior to the *Jones* and *Flewellen* decisions, appellant would not have been paid any excess medical payment benefits until such time as her full $50,000 in optional PIP benefits had been exhausted. In our opinion, this would constitute payment under a mistake of law rather than through ignorance of the law. "While it is true that we held in *Flewellen* that 'the mandate of the law was clear' . . . , its interpretation by the bench, bar, insurers and insureds were obviously less so." *Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739, 743 (309 SE2d 799) (1983). Where one acts "under a mistake of what the law was as applicable to [the] state of facts, or was *requiring* of it, we think that the mistake, though a product of ignorance, would be such a mistake of law . . . as would come within the rule." (Emphasis in original.) *American Surety Co. v. Groover*, supra at 871 (On Motion For Rehearing).

Moreover, it does not appear that, in good conscience, appellee should not be allowed to reallocate the $5,000 towards its payment of PIP benefits to appellant. Appellant is not thereby deprived of any benefits to which she would otherwise be entitled. The payment of benefits already received is merely being redesignated to conform strictly with the terms of the contract, the enforcement of the terms of which appellant herself initiated by invoking *Jones* and *Flewellen.*

Accordingly, we find that the trial court did not err in holding that appellee was not a "volunteer" as to the original $5,000 payment and is now entitled to have that payment reallocated as payment of PIP benefits. Appellant has thus received her full $50,000 in PIP benefits.

3. It is undisputed that the medical expenses for which appellant seeks coverage were incurred more than one year after the collision. Citing *Strickland v. Gulf Life Ins. Co.,* 240 Ga. 723 (242 SE2d 148) (1978), appellant contends that that provision of the policy which limits excess medical payment coverage to those expenses incurred within one year is unconscionable and unenforceable.

In *Strickland,* the policy provided coverage for loss of a limb only in the event that the loss occurred within 90 days of the injury to the limb. Our Supreme Court held that "[w]here loss of a limb is involved at an arbitrary point in time, here 90 days, the insured under these cases is confronted with the ugly choice whether to continue treatment and retain hope of regaining the use of his leg or to amputate his leg in order to be eligible for insurance benefits which he would forego if amputation became necessary at a later time. We find an insurance limitation forcing such a gruesome choice may be unreasonable and thus may be void as against public policy." *Strickland v. Gulf Life Ins. Co.,* supra at 725.

Unlike *Strickland,* the policy provision in the instant case does not provide for a short-term period after the occurrence of a potentially insured event, within which period the insured faces a gruesome choice determinative of whether coverage will or will not be afforded. Under the instant policy, it is clear that appellant *was* being afforded coverage for excess medical payments, the only limitations on eligibility being the exhaustion of her PIP coverage and the consequent incurring of payments within one year of her injury. In our opinion, this provision specifically defines the coverage being afforded (see *Hawkins v. Travelers Ins. Co.,* supra at 236 (2)) and is not analogous to the provision under consideration in *Strickland,* supra. Nothing in the record would authorize a finding that appellee has waived enforcement of the one-year limitation on coverage, or that such provisions are so unreasonable as to violate public policy. Cf. *Porter v. Allstate Ins. Co.,* 172 Ga. App. 657, 658 (324 SE2d 515) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 8, 1985 —
REHEARING DENIED JULY 24, 1985.

*Mike Treadaway*, for appellant.
*Thomas D. Harper, Gary M. Cooper*, for appellee.