76999. CINCINNATI INSURANCE COMPANY v. WESTBROOK.
(373 SE2d 386)

CARLEY, Judge.

Appellant-defendant insurer issued Ms. Maycel Collier an insurance policy on her automobile. The policy provided liability coverage, basic personal injury protection coverage and medical payments coverage. Appellee-plaintiff, a pedestrian, was struck by a vehicle driven by Ms. Collier and, as the result, he incurred medical expenses in excess of $18,000. Appellee submitted to appellant a claim for medical expenses pursuant to the basic personal injury protection coverage of Ms. Collier's policy. As to this claim, appellant paid appellee $2,500. See OCGA § 33-34-4 (a) (2) (A). However, appellant refused to pay appellee's claim for benefits under the medical payments coverage of Ms. Collier's policy.

Appellee then brought this suit against appellant, seeking to recover medical payments benefits under the policy, attorney's fees, punitive damages, and bad faith penalties. In its answer, appellant denied that appellee was covered under the medical payments provisions of the policy. Cross-motions for summary judgment were filed as to the recoverability of benefits under the medical payments coverage of the policy. The trial court denied appellant's motion for summary judgment and granted summary judgment in favor of appellee. Appellant appeals from this order of the trial court.

1. Appellant enumerates the trial court's rulings on the cross-motions for summary judgment as error, urging that, under the terms of Ms. Collier's policy which are applicable to medical payments coverage, appellee is not a "covered person" who would be entitled to recover benefits.

Appellee concedes that, for purposes of medical payments coverage, he would not be a "covered person" as defined in the policy. He urges, however, that, notwithstanding any restrictive definition of "covered person" contained in the policy, he is nevertheless entitled to recover medical payments benefits because OCGA § 33-34-8 (d) mandates that, as a matter of law, he be afforded that coverage. OCGA § 33-34-8 (d) provides: "Medical payment benefits and uninsured motorists' benefits payable under coverages in motor vehicle insurance policies shall be excess over any benefits required by this chapter." Appellee argues that this statute means that one who has exhausted his recovery of no-fault benefits under a given policy "shall" then be entitled to recover benefits under the "excess" medical payments coverage of that policy.

Under the construction of OCGA § 33-34-8 (d) urged by appellee and apparently adopted by the trial court, an insured's election to secure medical payments coverage would be the equivalent of his election to obtain optional no-fault coverage. An insured, by electing to secure medical payments coverage, would thereby obtain additional coverage which would be available to any individual having a viable no-fault claim. It is clear, however, that medical payments coverage and no-fault coverage are two entirely separate coverages. "Medical payments coverage was a common provision of automobile policies long before the advent of PIP coverage. Though not based on fault it is a separate coverage from 'no-fault' PIP similar to collision coverage. [Cit.]" *Stegall v. Leader Nat. Ins. Co.*, 256 Ga. 765, 766 (2) (353 SE2d 484) (1987). Nothing in OCGA § 33-34-8 (d) purports to *extend* the separate medical payments coverage of a policy to a claimant merely because he is afforded coverage under the *separate* no-fault provisions of the policy. The statute only evinces the legislative intent that such benefits *as may be available* under the medical payments coverage of a policy are not to be paid until all applicable benefits under the no-fault coverage of the policy have been exhausted. See *Hall v. State Farm &c. Ins. Co.*, 254 Ga. 633 (331 SE2d 530) (1985). Thus, as properly construed, OCGA § 33-34-8 (d) merely controls the *priority* of the *payment* of benefits under a policy's medical payments coverage. The statute does not purport to control the *scope* of the medical payments *coverage* that is otherwise afforded under the policy. OCGA § 33-34-8 (d) simply provides that benefits which are available under the medical payments coverage of a policy "shall be excess over" the available no-fault benefits and, therefore, those bene-

fits are not *payable* until the available no-fault benefits have been exhausted. Whether medical payments benefits are actually *available* to a claimant is not, however, determined by the claimant's mere exhaustion of the no-fault benefits to which he is entitled.

2. "Since most states[, including Georgia,] do not mandate medical payments coverage, its scope generally must be determined by the policy language." Appleman, *Insurance Law & Practice*, § 4902, p. 231 (1981). "[A] policy of insurance '. . . which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be extended beyond what is fairly within its plain terms.' [Cit.]" *Showers v. Allstate Ins. Co.*, 136 Ga. App. 792, 793 (222 SE2d 198) (1975). It is undisputed that, under the unambiguous terms of Ms. Collier's policy, medical payments coverage would not be afforded to appellee because he is not a "covered person" for purposes of that coverage. There is no statute which would preclude appellant from limiting its medical payments coverage in the manner provided by the terms of Ms. Collier's policy. It follows that the trial court erred in denying appellant's motion for summary judgment and in granting summary judgment in favor of appellee.

*Judgments reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 22, 1988 

*William S. Goodman, Jennifer L. Houser*, for appellant.
*Alan Z. Eisenstein*, for appellee.