77154. SHOOK et al. v. PILOT LIFE INSURANCE COMPANY.
(373 SE2d 813)

BANKE, Presiding Judge.

This is an interpleader action brought by Constitution State Insurance Company against the appellants, Mr. and Mrs. Shook, and the appellee, Pilot Life Insurance Company. The appeal follows the trial court's entry of a directed verdict in favor of Pilot Life and against the appellants.

Barbara Shook was injured while a patron at a restaurant located in Hall County, Georgia, prompting both she and her husband to bring a personal injury action against that establishment. Mrs. Shook was insured under a group health insurance plan issued by Pilot Life Insurance Company, which made payments totaling $15,694.59 for medical expenses incurred by her as a result of the accident. Subsequently, Mr. and Mrs. Shook entered into an agreement with the restaurant's liability insurer, Constitution State Insurance Company, in settlement of all claims arising from the personal injury action. Pilot Life then notified Constitution that it was asserting a right of subrogation with respect to the $15,694.59 in medical expenses it had paid out on Mrs. Shook's behalf. Constitution paid the disputed amount into the registry of the court and brought the present action seeking to be discharged from further liability in the matter. Mr. and Mrs. Shook denied that Pilot Life was entitled to the funds and, in addition, filed a cross-claim for further benefits allegedly due under the

Pilot Life policy.

At the conclusion of the trial, the parties were in agreement that no factual questions remained for the jury's consideration and that the sole legal issue to be resolved was whether the subrogation provision contained in the Pilot Life policy created a prohibited assignment of a right of an action for personal injuries (see OCGA § 44-12-24), as opposed to a valid and enforceable right of subrogation. The applicable policy language is as follows: "RIGHT OF SUBROGATION. If you or your dependent incur medical expenses as the result of injuries suffered because of the alleged negligence or misconduct of another person, you or the dependent may have a claim against that person for payment of your medical bills. Pilot Life will be subrogated to the right of recovery you or the dependent have against the other person. This right shall be only to the extent of benefits paid by Pilot Life for medical expenses. You or the dependent will be required to reimburse Pilot Life out of any monies you or the dependent receive from the other person or his or her insurance company as a result of judgment, settlement or otherwise. You or the dependent will be required to furnish to Pilot Life information and assistance required by Pilot Life to enforce its right of subrogation. The right of subrogation shall not apply to any recovery you obtain from any insurance company under which you or the dependent are the insured person. The purpose of this provision is to help provide insurance at reasonable rates." *Held*:

1. The language in question did not purport to effect an assignment of a cause of action, as proscribed by OCGA § 44-12-24, but created a valid and enforceable right of subrogation. In *McLanahan v. Keith*, 135 Ga. App. 117, 119 (217 SE2d 420) (1975), it was held that the meaning of "assign" is to " 'transfer' so as to vest title in the recipient and allow such person to sue directly. [Cit.]" Similarly in *Liberty Mut. Ins. Co. v. Clark*, 165 Ga. App. 31, 32 (299 SE2d 76) (1983), we held that to create a prohibited assignment rather than an enforceable right of subrogation, the agreement must purport to transfer to the insurer not merely the insured's "rights of recovery" but also his "right of action."

In *Wrightsman v. Hardware Dealers &c. Ins. Co.*, 113 Ga. App. 306, 307 (174 SE2d 860) (1966), relied on by the appellants, this court held that language purporting to create a right of subrogation actually constituted an assignment of the cause of action where it required the insured to "execute and deliver [such] instruments and papers and do whatever else is necessary to secure such rights [and to] do nothing after loss to prejudice such rights." No such language is present in the insurance policy at issue in the present case. Rather, the policy merely purports to give the insurer a right to be reimbursed for benefits paid on behalf of the insured, to the extent of monies received by

the insured from the tortfeasor "as a result of judgment, settlement or otherwise." It follows that the trial court did not err in granting Pilot Life's motion for directed verdict.

2. As we have based our affirmance of the trial court's decision in this case upon application of Georgia law, we do not reach the appellants' contention that the trial court erroneously relied upon North Carolina law rather than Georgia law in reaching its decision.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 21, 1988 —
REHEARING DENIED OCTOBER 6, 1988

*Wesley Williams*, for appellants.
*Weymon H. Forrester*, for appellee.