A89A1360. SOUTHERN GENERAL INSURANCE COMPANY v. COTTON STATES MUTUAL INSURANCE COMPANY.

(387 SE2d 435)

CARLEY, Chief Judge.

Gregory Sims was seriously injured when the automobile in which he was riding was struck by a tractor-trailer truck weighing more than 6,500 pounds when unloaded. Sims was provided $5,000 in no-fault coverage under his own automobile policy issued by appellee-plaintiff Cotton States Mutual Insurance Company (Cotton States). The owner and operator of the truck was provided $100,000 in liability coverage under a policy issued by appellant-defendant Southern General Insurance Company (Southern). Sims was paid the full $5,000 in no-fault benefits available under his Cotton States policy. Since it had a potential subrogation claim under OCGA § 33-34-3 (d) (1) (A), Cotton States notified Southern of its payment of no-fault benefits to Sims. Subsequently, Southern settled with Sims, paying him the full $100,000 policy limits and receiving a release.

Alleging that it was entitled to recover $5,000 under OCGA § 33-34-3 (d) (1) (A), Cotton States brought this subrogation action against Southern. Southern answered and asserted, as one of its defenses, that Cotton States was not entitled to pursue a subrogation claim under OCGA § 33-34-3 (d) (1) (A). Southern subsequently moved for summary judgment. The trial court denied the motion, but certified its order for immediate review. Southern's application for an interlocutory appeal was granted.

In urging that the trial court erred in denying its motion for summary judgment, Southern relies upon *Smith v. Employers' Fire Ins. Co.*, 255 Ga. 596 (340 SE2d 606) (1986); *Blaylock v. Ga. Mut. Ins. Co.*, 239 Ga. 462 (238 SE2d 105) (1977) and *Hawkins v. Travelers Ins. Co.*, 162 Ga. App. 231 (290 SE2d 348) (1982). In those cases, it was held that the complete compensation of the injured insured is a condition precedent to a no-fault carrier's right to seek subrogation. However, those cases also construed *former* OCGA § 33-34-3 (d). It is existing OCGA § 33-34-3 (d), enacted in 1984, which is controlling in the present case. See Ga. L. 1984, p. 516. OCGA § 33-34-3 (d) (1) provides, in relevant part, as follows: "If the responsible tort-feasor is uninsured *and* is not a self-insurer, the insurer or self-insurer providing benefits shall have a right of action to the extent of benefits provided against such tort-feasor only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident." (Emphasis supplied.) Under this controlling provision, it would appear that the complete compensation of the injured insured is a condition precedent to the no-fault carrier's right to seek subrogation only in the event that the tortfeasor is uninsured *and* is not a self-

insurer. The owner and operator of the truck that struck Sims *is* insured. Therefore, it would appear to follow that Sims' complete compensation is *not* a condition precedent to Cotton States' right to seek subrogation and that Southern's reliance upon the holdings in *Smith, Blaylock*, and *Hawkins* is misplaced.

However, we need not base our resolution of the present case upon a construction of existing OCGA § 33-34-3 (d) (1). Regardless of whether that statutory provision contemplates the complete compensation of Sims as a condition precedent to Cotton States' right to seek subrogation, it is otherwise clear that Cotton States has no viable subrogation claim against Southern. "Nothing contained in [OCGA § 33-34-3 (d) (1)] shall be deemed to increase or enlarge the bodily injury liability, personal injury protection, or medical payments limits of any policy of motor vehicle liability insurance in this state." OCGA § 33-34-3 (d) (2). Because Southern has *already* exhausted the $100,000 limits of the liability policy that it issued to the owner and operator of the truck, any subrogation claim by Cotton States against Southern would necessarily constitute an unauthorized attempt to increase or enlarge the limits of that policy. The legislative intent of OCGA § 33-34-3 (d) (2) is clear. A liability carrier has potential exposure in connection with the tort claim of the injured party *and* with the subrogation claim of the no-fault carrier up to the limits of the liability policy. However, the no-fault carrier's potential subrogation claim is extinguished by the liability carrier's exhaustion of the policy limits in payment of the tort claim of the injured party. Thus, a liability carrier that settles with the injured party for, *less* than the policy limits does so at its own risk and remains potentially liable for the no-fault carrier's subrogation claim up to the policy limits. See *Poole Truck Line v. State Farm &c. Ins. Co.*, 163 Ga. App. 755 (294 SE2d 570) (1982). In the instant case, however, Southern took no such risk by entering into the settlement with Sims. By making the determination that Sims' personal injury claim was of such magnitude as to warrant payment of the policy limits, Southern was acting in the justifiable best interests of its insured. By making the determination that he would accept Southern's offer, and release the tortfeasor, Sims was acting in the justifiable best interests of himself. As the no-fault carrier, Cotton States must accept the consequences of Southern's and Sims' decision. Among those consequences is that OCGA § 33-34-3 (d) (1) (A) is inapplicable and Cotton States now occupies the status that no-fault carriers normally do. Having paid the no-fault claim of its insured, Cotton States has *no* subrogation claim to pursue. "Insurers and self-insurers providing benefits without regard to fault . . . shall not be subrogated to the rights of the person for whom benefits are provided except: [In certain limited enumerated instances which have no application under the circumstances of the present

case]." OCGA § 33-34-3 (d) (1). Accordingly, the trial court erred in denying Southern's motion for summary judgment.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED OCTOBER 18, 1989.

*Freeman & Hawkins, Michael J. Goldman*, for appellant.
*Bovis, Kyle & Burch, Steven J. Kyle, Terry L. Yewell*, for appellee.