A90A0394. SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(395 SE2d 264)

CARLEY, Chief Judge.

Lamar Blackwelder was injured in an automobile collision between the truck that he was operating and a vehicle that was being operated by Florrye Spivey. Blackwelder was afforded no-fault coverage under a policy that had been issued by appellant-plaintiff Southern Guaranty Insurance Company of Georgia (Southern Guaranty). Ms. Spivey was afforded liability coverage under a policy that had been issued by appellee-defendant Georgia Farm Bureau Mutual Insurance Company (Farm Bureau). As the result of his injuries, Blackwelder received $4,380 in no-fault benefits from Southern Guaranty. Because the truck that Blackwelder had been operating weighed more than 6,500 pounds when unloaded, Southern Guaranty gave notice of its potential subrogation claim to Farm Bureau. Thereafter, Farm Bureau settled with Blackwelder for the full limits of Ms. Spivey's policy and received a release.

On these facts, Southern Guaranty brought this subrogation action against Farm Bureau, seeking to recover the $4,380 in no-fault benefits that it had paid to Blackwelder. Farm Bureau answered and subsequently moved for summary judgment. The trial court granted summary judgment in favor of Farm Bureau, holding that Southern Guaranty had no enforceable subrogation rights because Blackwelder had not been fully compensated for his injuries. It is from this order granting Farm Bureau's motion for summary judgment that Southern Guaranty brings this appeal.

This case is controlled by our recent decision in *Southern Gen. Ins. Co. v. Cotton States Mut. Ins. Co.*, 193 Ga. App. 240 (387 SE2d 435) (1989). Accordingly, the trial court's order evinces an erroneous reliance upon the provisions of former rather than existing OCGA §

33-34-3 (d) (1). "Under [existing OCGA § 33-34-3 (d) (1)], it would appear that the complete compensation of the injured insured is a condition precedent to the no-fault carrier's right to seek subrogation only in the event that the tortfeasor is uninsured *and* is not a self-insurer. The owner and operator of the [vehicle] that struck [Blackwelder] *is* insured. Therefore, it would appear to follow that [Blackwelder's] complete compensation is *not* a condition precedent to [Southern Guaranty's] right to seek subrogation and that [the trial court's] reliance upon the holdings in [cases construing former OCGA § 33-34-3 (d) (1)] is misplaced." (Emphasis in original.) *Southern Gen. Ins. Co. v. Cotton States Mut. Ins. Co.*, supra at 240-241.

However, the trial court's grant of summary judgment was nevertheless correct because "it is otherwise clear that [Southern Guaranty] has no viable subrogation claim against [Farm Bureau]. 'Nothing contained in [OCGA § 33-34-3 (d) (1)] shall be deemed to increase or enlarge the bodily injury liability, personal injury protection, or medical payments limits of any policy of motor vehicle liability insurance in this state.' OCGA § 33-34-3 (1) (2). Because [Farm Bureau] has *already* exhausted the . . . limits of the liability policy that it issued to [Ms. Spivey], any subrogation claim by [Southern Guaranty] against [Farm Bureau] would necessarily constitute an unauthorized attempt to increase or enlarge the limits of that policy. The legislative intent of OCGA § 33-34-3 (d) (2) is clear. A liability carrier has potential exposure in connection with the tort claim of the injured party *and* with the subrogation claim of the no-fault carrier up to the limits of the liability policy. However, the no-fault carrier's potential subrogation claim is extinguished by the liability carrier's exhaustion of the policy limits in payment of the tort claim of the injured party." (Emphasis in original.) *Southern Gen. Ins. Co. v. Cotton States Mut. Ins. Co.*, supra at 241.

A judgment that is right for any reason will be affirmed. Regardless of the trial court's rationale, its grant of summary judgment in favor of Farm Bureau was correct and that judgment, accordingly, is affirmed.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 29, 1990.

*Michael L. Wetzel & Associates, Michael L. Wetzel,* for appellant.

*Fain, Major & Wiley, Donald M. Fain, Roger W. Orlando,* for appellee.