S94A0007. In re ESTATE OF EDITH BROWN BRANNON.
(441 SE2d 248)

Sears-Collins, Justice.

Edith Brown Brannon, a widow with no children, left the bulk of her estate, about $500,000, by will to four charities. Her heirs at law, two nieces and three nephews, filed a caveat to the probate of the will, contending that the testatrix lacked testamentary capacity and that the will was not properly executed. The probate court granted summary judgment to the propounder, NationsBank.

1. We find that the probate court properly resolved the issue of testamentary capacity by summary judgment. NationsBank carried its burden of showing in its motion for summary judgment "that there is an absence of evidence to support the [caveators'] case," *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991), and the caveators, relying on bare conclusions, failed to "point to specific evidence giving rise to a triable issue." Id.

2. The "basic rules" for the proper execution of a will are found in *Thornton v. Hulme,* 218 Ga. 480 (128 SE2d 744) (1962):

> The attesting witnesses must sign in the presence of the testator. The testator must either sign in the presence of the attesting witnesses or acknowledge his signature to each of them in whose presence he did not sign. The witnesses need not sign in the presence of each other.

(Citations omitted.) Id. at 481. See also OCGA § 53-2-40. The caveators do not contend that these requirements were not satisfied in this case. Rather, they assert that since the signature of the testatrix and the signatures of the witnesses appear on separate pages, an opportunity for fraud is presented which renders the will violative of the signing and attestation requirements of OCGA § 53-2-40. We find that the caveators' argument is without merit, as the provisions of the Code regarding signing and attestation of a will do not require that the signatures of the testator and of the witnesses be on the same page, § 53-2-40, and such a requirement is not imposed by case law. Where all of the signature pages are physically connected as part of the will, the fact that a testator's signature and the signatures of witnesses do not appear on the same page does not in itself invalidate

the execution of the will. This holding is consistent with that of other jurisdictions which have addressed the question. See Annotation, Wills: Place of Signature of Attesting Witness, 17 ALR3d 705, 724-725, § 10 (1968, Supp. 1993).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 1994.

*Robert W. Galloway, C. Manson Nelson, Jr.,* for appellant.
*Clark & Clark, H. Sol Clark, Fred S. Clark, Chamlee, Dubus & Sipple, George H. Chamlee,* for appellee.