A95A2465. INTEGON GENERAL INSURANCE COMPANY
v. THOMPSON et al.
(469 SE2d 346)

BIRDSONG, Presiding Judge.

Integon General Insurance Company appeals from the judgment of the trial court denying its motion for summary judgment and dismissing its claim against Peggy S. Duncan. After Duncan was in an automobile accident with other parties, she filed suit against them to recover for her injuries and also served Integon as her uninsured motorist insurance carrier. Integon denied liability because Duncan had rejected uninsured motorist coverage, but also filed a counterclaim against Duncan for reimbursement of $5,000 it had paid her previously under the medical payments provision in the policy that provided coverage for reasonable and necessary medical expenses caused by bodily injury.

After the parties filed cross-motions for summary judgment, the trial court denied Integon's motion and dismissed the counterclaim. Subsequently, Duncan settled her claim against the other tortfeasors for $15,000. Integon contends the trial court erred by ruling that the reimbursement clause in Integon's policy constitutes an invalid assignment of a personal injury claim and also erred by ruling that the insurance policy requires an insured to be fully compensated as a condition precedent before the reimbursement provision may be enforced. *Held*:

1. Although the trial court denied Integon's motion in part because it found that the reimbursement provisions constituted an unauthorized assignment of a personal injury cause of action (see *Govt. Employees Ins. Co. v. Hirsh*, 211 Ga. App. 374 (439 SE2d 59)), examination of the contract provision in question shows that it does not

concern the assignment of a personal injury cause of action. The policy states: "A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do: 1. Whatever is necessary to enable us to exercise our rights; and 2. Nothing after loss to prejudice them. However, our rights under this paragraph do not apply under Part D against any person using your covered vehicle while that person is doing so within the course and scope of the named insured's permission. B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall: 1. Hold in trust for us the proceeds of the recovery; and 2. reimburse us to the extent of our payment." In addition, the insurance policy's medical payments coverage section also contained the following provision: "Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under any auto liability, uninsured motorists, or personal injury protection coverage provided by any policy."

Although Part A of this provision concerns subrogation, Integon did not proceed under Part A against a third party, but instead proceeded under Part B seeking reimbursement from its insured, Duncan. Consequently, our law applicable to assignment of personal injury causes of action is not applicable; Part B is not an assignment of a personal injury cause of action.

As the words in this contract are plain and obvious, they must be given their literal meaning. OCGA § 13-2-3; *United States Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 79 (355 SE2d 428). Consequently, this contract provision merely allows Integon to seek reimbursement from Duncan for amounts paid to her under the policy if she recovers damages from another. *Shook v. Pilot Life Ins. Co.*, 188 Ga. App. 714 (373 SE2d 813).

2. Further, we find that the trial court also erred by engrafting onto these proceedings the complete compensation rules. This action is more analogous to actions for reimbursement under health insurance plans (see *Shook*, supra) or subrogation actions after the 1984 amendment to OCGA § 33-34-3 (d) (1) allowing subrogation for no-fault payments under certain circumstances. See *Southern Guaranty Ins. Co. &c. v. Ga. Farm &c. Ins. Co.*, 195 Ga. App. 784, 785 (395 SE2d 264); *Southern Gen. Ins. Co. v. Cotton States Mut. Ins. Co.*, 193 Ga. App. 240, 241 (387 SE2d 435). The payments made to Duncan under this policy were to pay for her reasonable and necessary medical expenses incurred as a result of the accident. They were not intended to reimburse her for other economic or non-economic losses. Therefore, under the terms of this policy Integon was entitled to be reimbursed for the payments it made regardless whether

Duncan was completely compensated for her other losses.

Accordingly, the trial court erred by dismissing Integon's complaint and denying its motion for summary judgment. The judgment of the trial court is reversed and the case remanded to the trial court with instruction to enter summary judgment in favor of Integon on its counterclaim for reimbursement.

*Judgment reversed and remanded. Johnson and Smith, JJ., concur.*

DECIDED FEBRUARY 14, 1996 —<br>RECONSIDERATION DENIED MARCH 13, 1996 — 

*Smith, Howard & Ajax, Michael D. St. Amand*, for appellant.

*Paul C. Parker & Associates, William S. Sarandis, Philip L. Westee*, for appellees.

*Butler, Wooten, Overby & Cheeley, Albert Pearson III*, amicus curiae.

