A96A0627. SOUTHERN GENERAL INSURANCE COMPANY
v. WATSON.
(471 SE2d 559)

RUFFIN, Judge.

Charles Watson suffered injuries in an automobile collision with Augustus Bubba McCord and incurred over $12,000 in medical expenses. Watson was insured with Southern General Insurance Company ("Southern General"), whose automobile policy provided him $2,500 in medical payments coverage. After Watson settled his claim against McCord for $25,000, he sued Southern General to recover the available medical payments benefits. Southern General refused to pay because, pursuant to a reimbursement clause in its

policy, if it gave Watson the $2,500, he would have to give it right back to the insurer. In this interlocutory appeal, we find Southern General entitled to judgment on the pleadings and reverse the trial court's denial of Southern General's motion.

The reimbursement clause in question provides: *"Our Recovery Rights (Subrogation)"* In the event of any payment under this policy, we are entitled to all the rights of recovery which the person to whom payment was made may have against another person or organization. You and any insured person must sign and deliver to us any legal papers relating to that recovery, and do whatever else is necessary to help us exercise those rights and do nothing after a loss to prejudice our rights.

"If there is a recovery we shall be reimbursed out of the recovery for expenses, costs, and any attorney's fees incurred in connection with this recovery.

"When a person has been paid damages by us under this policy and also recovers from another, the amount recovered from the other shall be held by that person in trust for us to the extent of our payment."

This action is controlled by the recently decided case of *Integon Gen. Ins. Co. v. Thompson*, 220 Ga. App. 631 (469 SE2d 346) (1996). The language in the second two paragraphs of this clause creates in Southern General a right to reimbursement, even though the first paragraph of the policy provision might run afoul of *Govt. Employees Ins. Co. v. Hirsh*, 211 Ga. App. 374 (439 SE2d 59) (1993), as an assignment of a cause of action. *Thompson*, supra; see also *Shook v. Pilot Life Ins. Co.*, 188 Ga. App. 714, 715 (1) (373 SE2d 813) (1988). As we held in *Thompson*, Southern General may exercise its right to recover medical payments whether or not Watson received full compensation for his other damages.

In his brief, Watson concedes that should Southern General be entitled to reimbursement regardless of whether he has been "made whole," his claim for benefits would have no merit. Thus, we reverse the trial court's ruling and direct that judgment be entered for Southern General.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 21, 1996.

*Young, Thagard, Hoffman, Scott & Smith, James B. Thagard, John H. Smith, Jr.*, for appellant.

*J. Converse Bright*, for appellee.