A97A0197. CHEMIN et al. v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.
(487 SE2d 638)

ANDREWS, Chief Judge.

The Chemins, the insureds of State Farm Mutual Automobile Insurance Company (State Farm) under an automobile policy, appeal from the trial court's grant of summary judgment to State Farm on their claim for the return of monies paid to State Farm. State Farm asserted and the trial court granted summary judgment to State Farm on its voluntary payment defense pursuant to OCGA § 13-1-13.

The following facts are not disputed. The Chemins were both injured in an automobile accident on August 13, 1992, and Mrs. Chemin was injured in another accident on July 28, 1993. The Chemins contended that third parties Tucker and Morgenstern, respectively, were liable to them for the injuries suffered, but they also made a claim under their State Farm policy Medical Payments provisions.[1]

State Farm claims agents sent numerous letters through 1994 to the Chemins and their counsel after he was retained asserting State Farm's right to reimbursement for these medical payments from any third-party recovery pursuant to the policy. On November 29, 1994,

---

[1] No copy of the policy at issue or the medical payments provision is included in the record before us, although a letter from State Farm quotes this provision.

the Chemins' counsel sent their checks totaling $4,587 reimbursement for the Tucker claim to State Farm "[p]ursuant to State Farm's demand letter." The letter further stated that the Chemins "deny that you are entitled to these payments. These payments in response to your demand are made under protest, and [the Chemins] reserve all rights they may have under applicable law." A similar letter was sent on December 30, 1994, with a check reimbursing State Farm $2,261 for the Morgenstern claim.

These sums represented portions of the settlements negotiated by the Chemins' attorney with Tucker's and Morgenstern's insurers. As part of these settlements, both of those insurers required the Chemins to indemnify and hold them harmless from any State Farm claims for reimbursement of medical costs.

The Chemins then filed this suit against State Farm seeking to recover these payments, contending that the reimbursement provision of the policy was invalid or, alternatively, was improperly applied to them.

OCGA § 13-1-13 provides that "[p]ayments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person·or property. Filing a protest at the time of payment does not change the rule prescribed in this Code section."

The Chemins contend that the payments were made under a mistake of law and are therefore refundable, relying on, e.g., *Emond v. State Farm &c. Ins. Co.*, 175 Ga. App. 548, 550 (2) (333 SE2d 656) (1985). *Emond*, however, dealt with a pre-*Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (300 SE2d 673) (1983), payment of PIP benefits and whether the payment of medical benefits could be reallocated toward additional PIP coverage claimed by the insured. The Supreme Court found that State Farm's payment of $5,000 in excess medical payment benefits was properly allocable to State Farm's obligation to pay additional PIP under *Flewellen*, and not precluded by OCGA § 13-1-13, because of the uncertainty of the interpretation of statutes in this area of the law "by the bench, bar, insurers and insureds." *Emond*, supra at 550 (2). The Court found this to be, not ignorance of the law, but a mistaken interpretation of the law which entitled State Farm to the reallocation.

The Chemins' situation, on the other hand, involves contract language known to both parties and their respective counsel. No mistakes as to the contract language or the facts of this situation are put forth by the Chemins. Either the contract of insurance did or did not

require the Chemins to reimburse medical payments.[2] Rather than pay the contested funds into the registry of the court and file a declaratory judgment action, OCGA § 9-4-1 et seq., the Chemins chose to pay State Farm "voluntarily, however unwisely." *Knight v. Dept. of Transp.*, 239 Ga. 368, 371 (4) (236 SE2d 826) (1977).

In support of its motion for summary judgment, State Farm submitted the affidavits of the claims adjusters who worked the medical payments claims, including copies of the demand letters.

In response, only the affidavit of the Chemins' attorney was submitted, in which he states that, prior to sending the checks to State Farm, he settled the Chemins' claims against third parties, negotiated the settlement checks, and then sent the reimbursement checks to State Farm. There is no showing made concerning any factual mistake or legal mistake on the part of the Chemins, only counsel's attempted reservation of rights in his letters transmitting the checks. They have therefore failed to fulfill their obligation as respondent to the motion under *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). *In re Estate of Edith Brown Brannon*, 264 Ga. 84 (441 SE2d 248) (1994).

The trial court properly granted summary judgment to State Farm, the Chemins having failed to show a mistake of fact or law that would negate the voluntary payment defense. *Cotton v. Med-Cor Health &c.*, 221 Ga. App. 609, 611 (2) (472 SE2d 92) (1996); *Rod's Auto Finance v. The Finance Co.*, 211 Ga. App. 63 (1) (438 SE2d 175) (1993).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JUNE 5, 1997 — 

 Before Judge Weeks.

*Ragsdale, Beals, Hooper & Seigler, David K. Beals, Gary W. Hatch*, for appellants.

*Powell, Goldstein, Frazer & Murphy, Dean S. Daskal, Linda G. Birchall, Samuel R. Mansbach*, for appellee.

---

[2] The enforceability of such clauses was acknowledged in *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646 (482 SE2d 325) (1997), finding, as a matter of public policy, that the complete compensation rule limits the applicability of such a reimbursement provision, at least where the insurance contract does not contain an express provision to the contrary.