## A98A1377. JEFFERSON-PILOT LIFE INSURANCE COMPANY v. FRAKER.
### (507 SE2d 188)

BEASLEY, Judge.

Can an insurance company require its insured, who has received only partial compensation from the tortfeasor for his injuries, to reimburse the company for medical bills where the insurance contract requires the insured to pay one-third of his net recovery to the company as reimbursement? That is, does such policy language avoid the complete compensation rule by constituting "an express provision to the contrary?"[1]

After Jerry Fraker was involved in an automobile accident, his employer's medical insurance carrier (Jefferson-Pilot Life Insurance Company) paid out nearly $900,000 in medical benefits. Because several people were injured and, as appellant states in its brief, the damages "greatly exceeded" the limits of liability of the insurance carrier for the driver of the other vehicle, that carrier instituted an interpleader action. It paid the limits of its policy into the registry of the court and named Fraker as one of the competing claimants. Jefferson-Pilot intervened, claiming it was entitled to a portion of the funds as reimbursement.

The parties stipulated that Fraker's portion of the interpled funds was $98,750. Jefferson-Pilot contended that under the formula in its insurance contract it was entitled to one-third of that portion after attorney fees and expenses, for a total of $21,944.44. Because Fraker had not been fully compensated for his loss, the court awarded the entire $98,750 to Fraker and nothing to Jefferson-Pilot.[2]

1. Jefferson-Pilot seeks a decision which is founded on Georgia law. It argued to the trial court that North Carolina law applies, but it presumes both are the same. Insurer concedes that the reimbursement provision of its insurance contract cannot be enforced by this Court absent compliance with the public policy set forth in *Duncan*.[3] As stated in *Duncan*, this is a matter of Georgia public policy, and is thus dependent on Georgia law.[4] Accordingly, we resolve the issues based on Georgia law.

---

[1] *Duncan v. Integon Gen. Ins. Co.*, 267 Ga. 646 (482 SE2d 325) (1997).

[2] Appellant likens this case to *Shook v. Pilot Life Ins. Co.*, 188 Ga. App. 714 (373 SE2d 813) (1988), but there is no suggestion in that case that Shook had not been fully compensated by the settlement with defendant's insurer.

[3] Supra.

[4] 267 Ga. at 646. See *Bartow County Bd. of Ed. v. Ray*, 229 Ga. App. 333, 334 (494 SE2d 29) (1997) ("Georgia public policy [is] that an insurer cannot seek subrogation unless and until its insured has been completely compensated for his or her losses") (citing *Duncan*). See *Alexander v. Gen. Motors Corp.*, 267 Ga. 339 (478 SE2d 123) (1996); *Nasco, Inc. v. Gimbert*, 239 Ga. 675, 676 (2) (238 SE2d 368) (1977).

2. OCGA § 33-24-56.1, invoked by Fraker, prohibits the enforcement of reimbursement provisions unless the insured is first completely compensated. This statute did not become effective until July 1, 1997, after the insurance contract was executed and after the time of the injuries.[5] "[A]ny subrogation rights were vested and therefore could not be abrogated by a later statute."[6]

3. On the other hand, *Duncan* approximates this case. Duncan recovered $15,000 from the tortfeasor, which was less than her losses. Her insurance company sought reimbursement of the $5,000 it had paid her under the medical payments provision of its insurance contract. The reimbursement provision stated: " 'If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall: 1. Hold in trust for us the proceeds of the recovery; and 2. reimburse us to the extent of our payment.' "[7]

*Duncan* framed the issue as "whether the complete compensation rule, which requires that an insured be completely compensated for his losses before his insurer can exercise a right of subrogation or reimbursement, is applicable to an insurance policy provision which requires the insured to reimburse the insurer for amounts paid under medical payments coverage."[8] The Supreme Court concluded that "consistent with the public policy of Georgia, the complete compensation rule does limit the applicability of such a reimbursement provision, at least where the insurance contract does not contain an express provision to the contrary."[9] The absence of such an express provision led to the holding that Duncan's insurer was entitled to nothing.

Fraker's insurance contract states: "You or a dependent may incur medical expenses due to injuries suffered in an accident. The accident may be caused by the alleged negligence or misconduct of another person; if so, you or the dependent may have a claim against the person for payment of the. medical bills. Jefferson-Pilot will be subrogated to the right of recovery you or your dependent has against that person. You or the dependent will be required to reimburse Jefferson-Pilot out of the recovery made from the other person or his or her insurance company by way of judgment, settlement, or otherwise.

"Only that portion of the recovery made for medical expenses

---

[5] Ga. L. 1997, p. 668, § 1.
[6] *Blaylock v. Ga. Mut. Ins. Co.*, 239 Ga. 462, 463 (238 SE2d 105) (1977); Ga. Const. of 1983, Art. I, Sec. I, Par. X; OCGA § 1-3-5.
[7] 267 Ga. at 646.
[8] Id.
[9] Id.

will be subject to subrogation or reimbursement. For the purpose of this provision, 1/3 of the net recovery made shall be deemed to be the portion of the recovery made for medical expenses. Jefferson-Pilot's right of subrogation or reimbursement will not exceed the amount of benefits paid by Jefferson-Pilot.

" 'Net Recovery' is defined as follows: The recovery you or your dependent makes less attorney's fees and expenses incurred in making the recovery. . . ." " 'Reimbursement' means repayment to Jefferson-Pilot for benefits paid."

Fraker's insurance contract, like Duncan's, does not expressly state whether Fraker's incomplete compensation would or would not constitute a limitation on the reimbursement provision. Jefferson-Pilot nevertheless claims that the formula reconciles the competing interests of the insured and the insurance company by attributing only one-third of the net recovery to medical expenses, and that this compromise, different from the "unconditional priority" the insurance company sought in *Duncan*, establishes a clearer and enforceable order of priorities between the insurance company and an undercompensated insured.

Jefferson-Pilot's argument misapprehends *Duncan*. If the provision in *Duncan*, which required the insured to place *all* proceeds in trust and to reimburse the insurance company for *all* payments made, does not clearly address what results if the insured is not fully compensated, then certainly a provision that ignores whether the insured has been made whole and arbitrarily apportions one-third to the insurance company and two-thirds to the insured does not. Neither provision articulates that the subrogation rights will obtain even when the insured is not fully compensated.

If an insurer intends to contract for reimbursement from a less-than-completely-compensated insured, then under the public policy judicially established in *Duncan*, the company must expressly so provide in the insurance contract. The reason is that it is asserting a priority over its insured when one or the other must go unpaid to some extent.[10]

Jefferson-Pilot's formula could result in the insurer being reimbursed all of the medical expenses (if they are one-third of the total net recovery) and leave its insured with less than full recovery for the balance of damages. This disserves the rationale for the complete compensation rule, which rationale is articulated in *Duncan*.[11] Jefferson-Pilot cannot expect that the insured or the court will read between the lines of the policy. "[T]he absence of an express provision

---

[10] 267 Ga. at 647.
[11] Id.

must be strictly construed against [the insurance company] and in accordance with the reasonable expectations of [the lay insured]."[12] Regardless of whether the formula provision for reimbursement comports with the rationale of the wholly compensated rule, the Supreme Court has created a bright line test for determining whether an insurance policy provides for reimbursement before its insured is fully compensated. The requirement is that there be an express provision that the rule does not apply. If it is expressly provided in the policy, the insured will be alerted to the fully compensated rule and its non-applicability, which decreases the insurer's risk and increases the insured's.

Whether the insurer will be entitled to reimbursement in the future, after all of Fraker's claims are resolved, remains open.[13] The court award of $98,750 to Fraker and zero to Jefferson-Pilot was not error.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 17, 1998.

*Fain, Major & Wiley, Gene A. Major, Kim M. Jackson,* for appellant.

*Bobby B. Terry, Gary W. Smith,* for appellee.

---

[12] Id.

[13] Id. at 648. See *Chemin v. State Farm Mut. Auto. Ins. Co.*, 226 Ga. App. 702, 704, n. 2 (487 SE2d 638) (1997).