## 41753. WRIGHTSMAN v. HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY.

FRANKUM, Judge. 1. Where in an insurance policy providing for the payment to those covered under the policy of reasonable medical expenses incurred on account of and within one year from any accident involving the insured automobile there is contained a provision that "in the event of any payment under the Medical Expense Coverage of this policy, the company shall be subrogated to all the rights of recovery therefor

which the injured person . . . may have against any person or organization and such [injured] person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights . . . [and] shall do nothing after loss to prejudice such rights," such provision amounts to no more than an agreement that the injured person or persons covered under the provisions of the policy providing insurance for medical expenses shall, in the event of any payment thereunder, assign to the insurance company his claim against any third party tortfeasor inflicting the injuries resulting in the medical expenses. *First Nat. Bank v. American Surety Co.*, 71 Ga. App. 112, 119 (30 SE2d 402); Peller v. Liberty Mut. Fire Ins. Co., 220 Cal. App. 2d 610 (34 Cal. R. 41).

2. "A right of action is assignable if it involves, directly or indirectly, a right of property; but a right of action for personal torts or for injuries arising from fraud to the assignor may not be assigned." *Code* § 85-1805. *Central R. & Bkg. Co. v. Brunswick & W. R. Co.*, 87 Ga. 386 (1) (13 SE 520).

3. The subrogation provision of the contract set forth in the first headnote amounted to no more than an agreement to assign a personal injury claim to the insurer in the event of any payment under the terms of the medical payments coverage of the policy of insurance. As such it was void and of no effect, and being void it was not necessary that the plaintiff allege compliance therewith in order to recover under the medical payments coverage afforded by the policy of insurance sued on.

4. Furthermore, even if the subrogation provision relied upon by the defendant were valid, under its terms, quoted in the first headnote, no obligation to assign to the defendant insurance company the insured's claim against a third party arises until payment has been made or at least tendered to the insured under the medical expense coverage of the policy. It affirmatively appears from the petition that no such payment has been made or tendered, and even if the agreement were otherwise valid, it would be unnecessary for plaintiff to allege compliance with this provision prior to bringing suit on the policy. Whether or not the plaintiff has done anything after the occurrence of the loss and prior to suit to prejudice the rights of the insurance company as respects third parties is a matter of defense, and it is not necessary for the plaintiff to negative the fact that he has done anything to prejudice such rights.

5. It follows that the trial court erred in sustaining ground 1 of the demurrer which attacked the petition on account of its failure to allege compliance with the conditions of the policy respecting subrogation and on account of its failure to allege that the plaintiff had not done anything to prejudice the rights of the defendant.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

ARGUED JANUARY 4, 1966—DECIDED FEBRUARY 25, 1966—REHEARING DENIED MARCH 11, 1966—

*Poole, Pearce & Cooper, Martin H. Rubin,* for appellant.
*James H. Weeks, C. B. Rogers, W. L. Spearman,* for appellee.