49029. SOUTHERN GUARANTY INSURANCE COMPANY v. ROBINSON et al.

EBERHARDT, Presiding Judge.

Johnny Eugene Robinson was injured July 5, 1971 when the automobile in which he was a passenger collided with another, whose negligence caused the collision. Robinson sued the third party for his damages, including medical and doctor bills, etc., and a settlement

was effected and a release executed to the defendant in that suit releasing the driver of the other vehicle from all further liability of any kind, whether for personal injuries, property damage, medical and hospital bills, etc.

The driver of the car in which Robinson was riding, Marie York, was covered by a policy with Southern Guaranty Insurance Company which provided for medical payments up to $1,000 for anybody who might be injured in connection with the operation of her car, but provided for subrogation and reimbursement as follows:

"(a) Upon payment under Coverage C, Medical Payments, the company shall be entitled, to the extent of such payment, to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any person or organization, and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure rights.

"(b) Such person shall do nothing after loss to prejudice such rights and shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of such bodily injury."

Robinson's mother had a liability policy with Travelers Insurance Company carrying a medical payments provision up to $2,000, and providing:

"If there is other automobile medical payments insurance against any expense covered by Part II (Expenses for medical services) of the policy the company shall not be liable under this policy for a greater proportion of such expenses than the applicable limit of liability under this policy bears to the total applicable limit of all liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be *excess* insurance over any other valid and collectible automobile medical payments insurance." (Emphasis supplied.)

The vehicle in which plaintiff Robinson was riding was a non-owned vehicle, and thus the insurance afforded by Travelers falls into the category of excess insurance

by the terms of the policy. *Held:*

The question arising here is whether the subrogation provision of the Southern Guaranty Insurance Company is invalid as contravening public policy as expressed in Code § 85-1805, which proscribes the splitting of the cause of action.[1]

We may observe in passing that subrogation provisions of like tenor have been adjudicated in some 25 of our sister states and of these 21 have upheld the provision, pointing out that insurance is a matter of contract and that unless there is some contravening statute or public policy such provisions should be upheld. So far as we have been able to ascertain, none of the 21 states approving the subrogation provision had any statute or policy against a splitting of the cause of action.

In 1973 the General Assembly, by Ga. L. 1973, p. 296, appears to have brought this state into the main stream of those which find no basis for denying a splitting of one's cause of action arising out of an automobile accident, and which, therefore, uphold subrogation clauses of the type appearing in Southern Guaranty's policy.

However, this claim arose in 1971 and must be governed by the law as it stood prior to the Act of 1973.[2]

---

[1] It may be questioned as to whether there is really a public policy against splitting the action in this state in the light of the holding in *Story v. Rivers,* 220 Ga. 232 (138 SE2d 304) that the rule is for the benefit of the tortfeasor and that he may waive it, and is presumed to have done so if he does not interpose timely objections based upon a prior settlement, judgment or pending action as to one element of the cause of action. Approval was given to the assignment of a claim for property damages and that this "does not bar an action by him for the personal injuries suffered in the same collision, it not appearing whether or not an action has been instituted by the assignee to recover for the property damage claim."

[2] If the subject matter of the Act were procedural

In *Wrightsman v. Hardware Dealers Mut. Fire Ins. Co.,* 113 Ga. App. 306 (147 SE2d 860) we held this type of subrogation provision to be void because it "amounted to no more than an agreement to assign a personal injury claim to the insurer in the event of any payment under the terms of the medical payments coverage of the policy of insurance." Applying the holding in that case to the situation here, we must conclude that the subrogation provision of Southern Guaranty's policy was void. The effect of this holding will be to deprive Southern Guaranty of any right to reimbursement by plaintiff, but it does not relieve it of its obligation to make the medical payments.

Accordingly, we hold that it is liable for medical payments up to the limit of $1,000 as provided in the policy, and that Travelers is liable, under the terms of its policy, for the excess payments up to its policy limit of $2,000.

The settlement agreement and the release executed pursuant thereto dealt only with tort liability, and does not bar these actions on contract liabilities. Cf. *Cincinnati, N. O. &c. R. Co. v. Hilley,* 121 Ga. App. 196, 201, footnote 2 (173 SE2d 242).

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED FEBRUARY 11, 1974 — DECIDED MAY 22, 1974.

*Savell, Williams, Cox & Angel, Henry Angel,* for appellant.

*Neely, Freeman & Hawkins, J. Bruce Welch, Alan Herman,* for appellees.

---

only, there would be no inhibition against applying it retroactively; but as we view it substantive rights are also affected and it should be given prospective application.