A91A0505. TALBERT v. ALLSTATE INSURANCE COMPANY.
(408 SE2d 125)

BEASLEY, Judge.

Plaintiff Aaron Talbert appeals the grant of summary judgment in favor of defendant Allstate. Talbert sought recovery of damages for abusive litigation under OCGA § 51-7-80 et seq. Talbert had brought an action for damages for personal injuries arising out of an automobile collision against Betty Jean Foskey, who was insured by Allstate.

Foskey answered the allegations of the complaint by denying negligence and subsequently amended it to contend that parties other than she were negligent and the cause of injury to Talbert. During the course of pleading, Talbert wrote Foskey's attorney that the defense of lack of negligence was without foundation in law or fact; that this notice was given in compliance with OCGA § 51-7-84 (a) in order to furnish "you" with an opportunity to voluntarily withdraw the defense. A second letter two days later pointed out that an adjuster for Allstate advised Foskey's counsel to zealously contest Talbert's claim that Foskey was negligent; that as a result Foskey went along with "whatever you and Allstate decided to do"; that the denial of negligence was made for a wrongful purpose and was without substantial justification. A third letter was sent to Foskey's attorney a week after the second letter, again advising that it was a notification under OCGA § 51-7-84 (a) and that the attribution of negligence to third persons was without foundation in law or fact; that "you" are given notice that Talbert intended to assert a claim for abusive litigation.

During the course of discovery Talbert had moved for summary judgment in the underlying suit on the issue of Foskey's negligence, but the motion was denied. At trial the court granted Talbert's motion for directed verdict, finding that Foskey was negligent as a matter of law.

After entry of judgment for Talbert against Foskey, Talbert sued to recover damages for Allstate asserting a defense without substantial justification. Allstate answered and moved for summary judgment, contending that it was entitled to prevail as a matter of law. After a hearing, without stating a basis for its ruling, the trial court granted Allstate's motion. Talbert contends that the reasons advanced by Allstate for granting its motion for summary judgment are not sustainable.

1. The first basis is that an abusive litigation claim against Allstate does not lie under OCGA § 51-7-80 et seq. because Allstate was not a party to the original tort action. Allstate predicates its argument on the fact that a *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), claim is confined to "any party." Id. at 96.

The unambiguous language of the Code section eliminates this assertion. OCGA § 51-7-81 provides: "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) with malice; and (2) [w]ithout substantial justification." "Person" includes a corporation or any entity with capacity to sue or be sued. OCGA § 51-7-80 (6). "[W]ithout substantial justification" refers to a defense which is frivolous, groundless in fact or in law, or vexatious. OCGA § 51-7-80 (7).

Considering the entire tenor of Article 5 of Title 51, Chapter 7, it is evident that the law encompasses the type of activity that Allstate engaged in during the original action. It took an active part in the continuation of the proceedings and thus could be named as defendant in an abusive litigation claim.

2. The second basis for granting summary judgment was that the notice given was not sufficient under OCGA § 51-7-84 (1) (a). That Code section requires as a condition precedent to the maintenance of an abusive litigation claim that the party against whom the claim is to be asserted be given written notice by registered or certified mail or other means evidencing receipt by the "addressee." The stated purpose is to give the prospective defendant to the abusive litigation claim an opportunity to voluntarily withdraw his defense or position.

All three letters, which Talbert contends constituted notice, were addressed to the attorney for Foskey. Only the middle one, dated July 11, 1989, referred to Allstate and then specifically to its claims adjuster, who was described as "acting as an agent of" Allstate. The letter termed the denial of negligence as being for "a wrongful purpose

314

and without substantial justification," but never mentioned that it was given as notice under OCGA § 51-7-84 (a).

These new code provisions create an exclusive remedy which replaces the antecedent actions. OCGA § 51-7-85. A paramount consideration of OCGA § 51-7-84 (a) is that the notice be given specifically to the "addressee." Here, Allstate as one who took "an active part" but was not an actual party, was entitled to be particularly specified in the letter as the one against whom Talbert would seek damages if the position of lack of negligence were not withdrawn or dismissed. The law is strictly construed in order to accomplish its overriding purpose to give a prospective defendant the chance to change position and avoid liability, OCGA § 51-7-82. See *Heard v. Neighbor Newspapers*, 259 Ga. 458, 459 (5) (383 SE2d 553) (1989); *National Indem. Co. v. Tatum*, 193 Ga. App. 698, 700 (388 SE2d 896) (1989).

Talbert failed to specify Allstate as the one against whom Talbert would seek relief unless the defenses of no negligence or negligence on the part of others were withdrawn or disavowed. As a result, the letters did not meet the prerequisite of notice under the Code section.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 19, 1991 —
RECONSIDERATION DENIED JULY 3, 1991 — 

*Gilbert & Montlick, Fred A. Gilbert, Lissner, Killian, Cunningham & Zacker, Robert P. Killian*, for appellant.
*Barrow, Sims, Morrow & Lee, Jordan D. Morrow*, for appellee.