## A93A2463. GOVERNMENT EMPLOYEES INSURANCE COMPANY v. HIRSH.
### (439 SE2d 59)

BLACKBURN, Judge.

On February 15, 1992, David Matthews and Kathleen Hirsh were involved in a motor vehicle collision. Pursuant to an automobile insurance policy it issued covering Matthews' vehicle, the Government Employees Insurance Company (GEICO) paid Matthews $2,392 for medical expenses incurred as a result of the injuries he sustained in the collision.

GEICO, as subrogee of its insured, subsequently commenced this action against Hirsh to recover those medical expense benefits. The trial court granted summary judgment for Hirsh on the grounds that the subrogation provision in GEICO's insurance policy constituted a prohibited assignment of a personal injury claim, and this appeal followed.

OCGA § 44-12-24 provides in part that "[a] right of action for personal torts . . . may not be assigned," and thus codifies the common law prohibition against assignment of personal injury claims. See *Carter v. Banks*, 254 Ga. 550 (1) (330 SE2d 866) (1985). In *Wrightsman v. Hardware Dealers Mut. Fire Ins. Co.*, 113 Ga. App. 306, 307 (147 SE2d 860) (1966), involving an insurance policy clause subrogating the insurer to all rights of recovery of the injured person against the tortfeasor with regard to payment of any medical expenses under the policy, this court concluded that such a subrogation provision was void, as it "amounted to no more than an agreement to assign a personal injury claim to the insurer. . . ."

The medical payment subrogation clause in GEICO's policy provided: "If we make a payment under this coverage, we have the right to sue or otherwise recover the loss from anyone else who may be responsible. The person to whom we make payment must execute and deliver to us all necessary papers, help us to enforce our recovery right and do nothing to prejudice such rights." This subrogation clause differs in no material aspects from the clause held to be void in *Wrightsman.*

GEICO relies upon dicta in *Southern Guaranty Ins. Co. v. Robinson*, 132 Ga. App. 121 (207 SE2d 599) (1974), suggesting that such subrogation clauses may have become enforceable upon the 1973 enactment of what is now OCGA § 51-1-32, which allows splitting a cause of action arising out of an automobile accident into separate personal injury and property damage claims. OCGA § 51-1-32 is consistent with OCGA § 44-12-24 in distinguishing between property damage and personal injury claims, and in no way addresses or alters the rule prohibiting assignment of personal injury causes of action.

GEICO argues that the trend in Georgia is to expand subrogation

and assignment rights, noting as examples an insurer's right of subrogation for uninsured motorist benefits paid to an insured under OCGA § 33-7-11 (f), and an employer's or employer's insurer's subrogation lien under OCGA § 34-9-11.1 attaching to an injured employee's recovery against a negligent third party to the extent of any workers' compensation benefits paid to the employee. However, GEICO fails to cite any statute or decision of this court or the Supreme Court that would authorize overturning the principle set forth in *Wrightsman* and approved in *Carter v. Banks*, supra.

As in *Wrightsman*, allowing GEICO to proceed in its own name against an alleged tortfeasor in a personal injury claim to recover the amount of medical benefits paid to its insured would violate the common law and statutory prohibition against assignments of personal injury causes of action. Accordingly, the trial court properly granted summary judgment for Hirsh.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 29, 1993 —
RECONSIDERATION DENIED DECEMBER 14, 1993 — 

*Edward M. Harris, Vicki M. Knott*, for appellant.
*Parkerson, Shelfer & Connell, William S. Shelfer, Jr.*, for appellee.

