A93A2223, A93A2224. KIRSCH v. MEREDITH; and vice versa.
(440 SE2d 702)

ANDREWS, Judge.

Kirsch sued Meredith and others for abusive litigation pursuant to OCGA § 51-7-80 et seq., and in Case No. A93A2223 appeals from the grant of summary judgment in favor of Meredith.

Jones and Eastwood, attorneys at law, initially represented Brown and Exclusive Properties, Inc. in a suit against Talkington and others. After Jones and Eastwood withdrew as counsel pursuant to a court order, Kirsch entered as counsel of record for the plaintiffs, and eventually obtained a judgment for the plaintiffs. Subsequently, Kirsch, as attorney for Brown and Exclusive Properties, filed an ac-

tion against Jones and Eastwood alleging professional negligence during their representation of Brown and Exclusive Properties in the previous suit against Talkington. Jones and Eastwood countered by filing a third-party complaint against Kirsch, alleging professional negligence for his representation of Brown and Exclusive Properties in the prior suit against Talkington, and attaching an expert affidavit of an attorney at law, Meredith, to comply with the requirement of OCGA § 9-11-9.1. Kirsch sent notice pursuant to OCGA § 51-7-84 that he intended to assert a claim for abusive litigation on account of the third-party malpractice complaint against him. The trial court eventually granted summary judgment in favor of Kirsch on the third-party complaint, rendering a final judgment in his favor pursuant to OCGA § 9-11-54 (b) from which no appeal was taken. Thereafter, Kirsch brought the present abusive litigation claim against Jones and Eastwood for bringing the professional negligence claim against him, and against Meredith for giving the expert affidavit filed with the complaint pursuant to OCGA § 9-11-9.1.

The trial court granted Meredith's motion for summary judgment ruling that an abusive litigation claim pursuant to OCGA § 51-7-80 et seq. could not be brought against him for giving the expert affidavit under OCGA § 9-11-9.1 used to support the malpractice action. The trial court reasoned that "the public policy of encouraging witnesses to come forward and testify outweighs the policies addressed by the abusive litigation statute."

Under OCGA § 51-7-81: "*Any person* who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; and (2) Without substantial justification." (Emphasis supplied.) " 'Person' means an individual, corporation, company, association, firm, partnership, society, joint-stock company, or any other entity, including any governmental entity or unincorporated association of persons with capacity to sue or be sued." OCGA § 51-7-80 (6).

The plain language of these sections demonstrates that a claim for abusive litigation under OCGA § 51-7-80 et seq. is not confined to a party to the prior action, but may be brought against an individual or others defined as "persons" who with malice and without substantial justification, take an active part in the initiation, continuation or procurement of civil proceedings against another. *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312, 313 (408 SE2d 125) (1991); *Watkins v. M & M Clays*, 199 Ga. App. 54, 56, n. 3 (404 SE2d 141) (1991). In *Talbert*, supra, we determined that an abusive litigation claim could be sustained against Allstate Insurance Company, the insurer of the party defendant in the prior action. Acting pursuant to its contractual duty to defend its insured, Allstate actively advised the defendant's

attorney to pursue a defense which the trial court later eliminated as a matter of law on directed verdict. We concluded that by this type of activity engaged in during the pendency of the action, Allstate "took an active part in the continuation of the proceedings and thus could be named as defendant in an abusive litigation claim." Id. at 313.

In this case, the record shows that Meredith's only connection with the prior action was that at the request of the plaintiffs, he reviewed information related to the claim provided to him by the plaintiffs. Based on these facts, he provided the expert affidavit to the plaintiffs, which was then filed by the plaintiffs along with the malpractice complaint in compliance with OCGA § 9-11-9.1. We conclude that this activity was not an active part in the initiation, continuation or procurement of the action, and Meredith was not subject to the abusive litigation claim. Giving the expert affidavit to the plaintiffs may have been indirectly related to initiation or procurement of the action, since obtaining it was a necessary step the plaintiffs had to take in order to file the malpractice complaint. If Meredith's action can be in any way characterized as taking a part in the initiation or procurement of the civil proceedings by the plaintiffs, it was a passive participation rather than the active participation required under the plain language of OCGA § 51-7-81. The abusive litigation tort set forth in OCGA § 51-7-80 et seq. is in derogation of the common law, and must be strictly limited to the meaning of the language used, and not extended beyond the plain and explicit statutory terms. *Paino v. Connell*, 207 Ga. App. 553 (428 SE2d 446) (1993). The trial court correctly granted summary judgment in favor of Meredith, not for the public policy reasons stated, but because the plain terms of OCGA § 51-7-81 did not encompass Meredith's actions in this case. A grant of summary judgment must be affirmed if it is right for any reason. *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 423 (405 SE2d 61) (1991).

Meredith's cross-appeal in Case No. A93A2224 is dismissed as moot in light of our decision in Case No. A93A2223. OCGA § 5-6-48 (b) (3).

*Judgment affirmed in Case No. A93A2223. Appeal dismissed in Case No. A93A2224. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 28, 1994 —
RECONSIDERATION DENIED FEBRUARY 4, 1994 —

*Carl V. Kirsch*, pro se.
*Wood & Meredith, Hugh C. Wood, Dwight A. Meredith*, for appellee.