A93A2394. GOVERNMENT EMPLOYEES INSURANCE
COMPANY v. HARDMAN.
(444 SE2d 165)

COOPER, Judge.

Plaintiff-appellant is the Government Employees Insurance Company (GEICO). Roselyn Brewer, a named insured under a policy issued by GEICO, was involved in an automobile collision with defendant. As a result of the collision, GEICO paid medical expenses on behalf of Brewer and subsequently filed a lawsuit against defendant, seeking to recover the amount of the medical benefits it paid. Defendant answered the complaint and moved for summary judgment on the grounds that the subrogation clause constituted an invalid assignment of a personal injury claim. The trial court granted defendant's motion for summary judgment, and GEICO appeals.

The policy issued by GEICO contained the following subrogation clause: "If we make a payment under this coverage, we have the right to sue or otherwise recover the loss from anyone else who may be responsible. The person to whom we make payments must execute and deliver to us all necessary papers, help us enforce our recovery right and do nothing to prejudice such rights." OCGA § 44-12-24 provides, in relevant part, that "[a] right of action for personal torts . . . may not be assigned." GEICO argues that its claim for recovery of medical payment benefits is not a claim for personal injury and that subrogation for medical payments coverage is not the assignment of a

personal injury claim. These same arguments were decided adversely to GEICO in *Government Employees Ins. Co. v. Hirsh*, 211 Ga. App. 374 (439 SE2d 59) (1993). Accordingly, we conclude that the trial court's grant of summary judgment to defendant was correct.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATION DENIED MARCH 10, 1994 —

*Edward M. Harris, Jr., Vicki M. Knott*, for appellant.

*Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, Rodney S. Shockley*, for appellee.