A94A1176. SOUTHERN GENERAL INSURANCE COMPANY
v. EZEKIEL et al.
(445 SE2d 807)

JOHNSON, Judge.

Southern General Insurance Company, as subrogee of its insured, Michael Alan Dorrohn, brought this action against Foley Ezekiel and State Farm Mutual Automobile Insurance Company to recover benefits Southern had paid to Dorrohn.

The trial court granted summary judgment to Ezekiel and State Farm on the ground that the subrogation provision in Southern's insurance policy constitutes an invalid assignment of a personal injury claim in contravention of OCGA § 44-12-24. Southern appeals that ruling.

Southern has provided us with a comprehensive history of subrogation in Georgia case law as well as a profusion of cases from other jurisdictions. It has failed to distinguish this case, however, in any meaningful way from the two cases most recently decided by this court, *Gov't Employees Ins. Co. v. Hardman*, 212 Ga. App. 367 (444 SE2d 165) (1994) and *Gov't Employees Ins. Co. v. Hirsh*, 211 Ga. App. 374 (439 SE2d 59) (1993). In *Hirsh*, supra, the clause in GEICO's policy provided: " 'If we make a payment under this coverage, we have the right to sue or otherwise recover the loss from anyone else who may be responsible. The person to whom we make payment must execute and deliver to us all necessary papers, help us to enforce our recovery right and do nothing to prejudice such rights.' " The court concluded that this clause did not materially differ from the clause held to be void in *Wrightsman v. Hardware Dealers Mut. Fire Ins. Co.*, 113 Ga. App. 306 (147 SE2d 860) (1966). The subrogation language in Southern's policy is as follows: "Part VI — General Provisions — *Our Recovery Rights (Subrogation)*. In the event of any payment under this policy, **we** are entitled to all the rights of recovery which the person to whom payment was made may have against another person or organization. **You** and any insured person must sign and deliver to **us** any legal papers relating to that recovery, and do whatever else is necessary to help **us** exercise those rights and do nothing after a **loss** to prejudice **our** rights." (Emphasis in original.) Southern's attempts to distinguish "rights of recovery" from GEICO's "right to sue or otherwise recover" or to transform the phrase into a

right to reimbursement are no more than flights of semantic fancy.

Southern's assertion that the trial court erred because the subrogation provisions allow Southern to recover directly from Ezekiel and State Farm is likewise without merit. "[A]llowing [Southern] to proceed in its own name against an alleged tortfeasor in a personal injury claim to recover the amount of medical benefits paid to its insured would violate the common law and statutory prohibition against assignments of personal injury causes of action." *Hirsh*, supra at 375. The trial court's grant of summary judgment was proper and will not be disturbed.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1994.

*Jenkins & Eells, Frank E. Jenkins III*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper, Hilliard V. Castilla*, for appellees.