## A96A1328. SHEPPARD v. STATE FARM FIRE & CASUALTY COMPANY.
### (475 SE2d 675)

SMITH, Judge.

Connie Sheppard was injured in an automobile collision while operating a vehicle insured by State Farm, and she elected to receive medical expense benefits under that policy. Sheppard and her husband then brought a claim against the tortfeasor and obtained a recovery under an agreement settling those claims. Pursuant to the terms of its policy, State Farm sought reimbursement from Sheppard of the amounts paid to her as medical expenses. Sheppard refused to reimburse State Farm, and State Farm then instituted this action against her. The parties filed cross-motions for partial summary judgment, taking opposite positions with regard to whether the State Farm policy provision requiring reimbursement was enforceable. The trial court granted State Farm's motion, and this appeal ensued.

The sole issue on appeal is whether language in the medical payments provision of the State Farm policy creates an invalid assignment of a personal injury cause of action. We find that it does not, and we affirm the trial court's grant of summary judgment to the insurer.

OCGA § 44-12-24 provides, in pertinent part, that "[a] right of action for personal torts . . . may not be assigned." In several cases, this Court has held that policy language authorizing an insurer to recover benefits paid to an insured by bringing an action against the third party tortfeasor amounts to such an invalid assignment of a cause of action for personal injury. See *Southern Gen. Ins. Co. v.*

*Ezekiel,* 213 Ga. App. 665 (445 SE2d 807) (1994); *Government Employees Ins. Co. v. Hirsh,* 211 Ga. App. 374 (439 SE2d 59) (1993); *Wrightsman v. Hardware Dealers Mut. Fire Ins. Co.,* 113 Ga. App. 306 (147 SE2d 860) (1966). Other policies, however, contain language that does not authorize the insurer to bring an action directly against the tortfeasor, but merely requires an insured receiving medical payment benefits to reimburse the insurer for such payments out of any recovery the *insured* may obtain from the tortfeasor. In such cases, this Court has held the policy provision valid and enforceable. See *Shook v. Pilot Life Ins. Co.,* 188 Ga. App. 714 (373 SE2d 813) (1988); *Integon Gen. Ins. Corp. v. Thompson,* 220 Ga. App. 631, 632 (1) (469 SE2d 346) (1996).

In this case, the policy provision provides as follows: "When we pay medical expenses under this coverage, we are entitled to be paid out of any subsequent recovery for bodily injury from a liable party or such party's insurer the lesser of: a. what we have paid; or b. the amount by which the sum of the total recovery for bodily injury from all liable parties and what we have paid under this coverage exceeds the total amount of reasonable and necessary medical expenses the injured person incurred. The injured person shall: a. furnish us the information and assistance we need to seek a recovery; b. not make claim to that portion of the recovery that we are entitled to be paid; and c. answer truthfully all questions that we may ask. We will not seek reimbursement from payments received from a liable party or such party's insurer by a person who has complied with all of these requirements."

Sheppard contends that two phrases in this language render the provision in issue invalid as a prohibited assignment. We do not agree with Sheppard's first argument that the requirement that the insured "not make claim to that portion of the recovery that we are entitled to be paid" prohibits her from making a claim against the tortfeasor for those medical expenses that have been paid by State Farm, in effect "assigning" her right to recover from the tortfeasor for those expenses to State Farm.

This strained construction distorts the obvious meaning of the language. When the provision is read in context, it is clear that the language in issue is but one of three requirements that must be met by the insured in dealing with State Farm. It defies logic to construe the middle requirement out of context and argue that it addresses a requirement to be met by the insured in seeking a recovery against the tortfeasor. Clearly, the provision contemplates that the insured has a right to bring an action against the tortfeasor to recover damages for personal injury, and that recovery of medical expenses will be a portion of that recovery. State Farm requires only that the insured reimburse it from such a recovery for those medical expenses

for which it paid benefits.

Similarly, we do not agree with Sheppard's argument that the language requiring the insured to furnish State Farm with the information and assistance it needs "to seek a recovery" suggests that State Farm contends it is entitled to bring a lawsuit against the tortfeasor on her behalf. Nothing in the provision so suggests. This provision is not materially different from that found in *Shook*, supra, to be an enforceable reimbursement provision preventing an insured from recovering twice for the same injury. The trial court did not err in granting partial summary judgment to State Farm.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED AUGUST 28, 1996 — 

*Robert M. Beauchamp*, for appellant.
*Martin, Snow, Grant & Napier, Cubbedge Snow III*, for appellee.