A96A2199. OWENS v. GENERALI — U. S. BRANCH et al.
(480 SE2d 863)

BLACKBURN, Judge.

Cassandra Meadows Owens appeals from the grant of summary judgment in favor of Generali — U. S. Branch (Generali), the law firm of Sullivan, Hall, Booth & Smith (Sullivan Hall), and attorney Roger S. Sumrall in her abusive litigation lawsuit. Owens filed this suit after successfully defending the underlying suit brought against her by Generali. See *Generali — U. S. Branch v. Owens*, 218 Ga. App. 584 (462 SE2d 464) (1995).

Briefly, Owens, who was uninsured, was involved in an automobile collision with Generali's insured, Pedro. Generali paid uninsured motorist and medical payment benefits to Pedro in connection with

this collision and, under a right of subrogation, then instituted suit against Owens in its own name for recovery of these amounts. Relying upon *Liberty Mut. Ins. Co. v. Clark*, 165 Ga. App. 31 (299 SE2d 76) (1983), we held that Generali did not have standing to sue Owens in its own name, because although Generali was subrogated to the rights of recovery of Pedro, the right of action itself against Owens belonged to Pedro, and not to Generali. *Generali*, supra at 585. Owens' abusive litigation suit then ensued.

As a preliminary matter, we note that in addition to her enumerations of error and brief, Owens filed an amended enumerations of error and brief. The amended enumerations of error and brief are untimely, as they were filed more than 20 days after the appeal was docketed.[1] See Court of Appeals Rule 26 (a). Therefore, the amended enumerations of error "will not be considered inasmuch as enumerations of error may not be amended after the original filing time has expired." *McGraw v. State*, 199 Ga. App. 389 (405 SE2d 53) (1991). Likewise, Owens' amended brief will not be considered, as it was not timely filed, is not one of the briefs provided for in Court of Appeals Rule 24, and Owens failed to obtain leave of court to file the amended brief.

1. First, Owens contends the abusive litigation notice she provided to the appellees met the requirements of OCGA § 51-7-84 (a). That statute provides: "As a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail or some other means evidencing receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation and shall thereby give the person against whom an abusive litigation claim is contemplated an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other position." Sumrall does not contest the notice provided by Owens, but Generali and Sullivan Hall maintain that as to them, notice was inadequate.

All parties cite *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312 (408 SE2d 125) (1991) in support of their respective positions. The underlying action in *Talbert* involved an automobile collision between Talbert and Allstate's insured. During the course of that litigation, Talbert sent the insured's attorney three abusive litigation letters. Two of these letters informed the insured's attorney that he specifically was being provided with notice of an abusive litigation claim, and a third letter made passing mention of an Allstate adjuster. Id. How-

---

[1] The appeal was docketed on June 27, 1996. The first brief and enumerations of error were filed within 20 days, on July 17, 1996. The amended brief and amended enumerations of error were filed on July 30, 1996, outside the 20-day time limit.

ever, none of the letters indicated *whom* Talbert intended to sue for abusive litigation. After the court directed a verdict for Talbert at trial, he sued Allstate for abusive litigation.

In evaluating whether Talbert's abusive litigation notice to Allstate was sufficient under OCGA § 51-7-84, we noted that for purposes of that section, OCGA § 51-7-80 (6) defines "person" to include "a corporation or any entity with capacity to sue or be sued." Id. at 313. Therefore, Allstate was entitled to notice of Talbert's intention to sue it for abusive litigation. Because "Talbert failed to specify Allstate as the one against whom Talbert would seek relief," we held that "the letters did not meet the prerequisite of notice under the Code section." Id. at 314.

In this case, Owens' abusive litigation letter states: "[p]lease consider this letter notice to your client Generali — U. S. Branch, your law firm, and yourself of my clients' request pursuant to OCGA §§ 9-15-14, 51-7-80, *et seq.* for the withdrawal of your client's claims and dismiss this action within the next thirty (30) days." Both Sumrall and Sullivan Hall's names appear at the top of the letter. Owens sets forth the position which she claims is abusive, and the letter was sent by certified mail, return receipt requested. None of the appellees contend that Sumrall did not receive this letter.

We find the notice afforded Generali sufficiently complies with the statute. In accordance with *Talbert,* the abusive litigation letter plainly names Generali. And, because Generali was a represented party, Owens was precluded from notifying anyone *except* Sumrall of her abusive litigation claim against Generali. See Ga. State Bar Rule 4-102, Standard 47. Generali's argument that Owens should have forwarded to Sumrall, as counsel for Generali, a separate certified letter of notice for Sumrall to then forward on to Generali is not required by OCGA § 51-7-84. "The abusive litigation tort set forth in OCGA § 51-7-80 et seq. is in derogation of the common law, and must be strictly limited to the meaning of the language used, and not extended beyond the plain and explicit statutory terms." *Kirsch v. Meredith,* 211 Ga. App. 823, 825 (440 SE2d 702) (1994). Therefore, Owens properly afforded notice to Generali under both *Talbert* and OCGA § 51-7-84.

Similarly, Owens' letter was sufficient notice to Sullivan Hall of the possibility of an abusive litigation claim. Contrary to Sullivan Hall's argument, OCGA § 51-7-84 does not require that notice of an abusive litigation claim be specifically provided to a partner, officer, director, stockholder, or shareholder of the firm or corporation allegedly engaging in abusive litigation. "The stated purpose [of OCGA § 51-7-84] is to give the prospective defendant to the abusive litigation claim an opportunity to voluntarily withdraw his defense or position." *Talbert,* supra at 313. Because Owens' abusive litigation

letter adequately notified Sumrall, an agent and representative of Sullivan Hall, of her prospective claim, and because Owens' letter specifically named both Sumrall and Sullivan Hall, we find that Sullivan Hall was given adequate notice of Owens' claim and an opportunity to withdraw its position.

2. Owens next contends that summary judgment was improper because when Generali filed its suit against her for subrogation, "there was ample binding statutory and case law precedent" prohibiting insurer direct tort actions, including insurer direct tort actions for medical payments. Generali had sought payment from Owens for both uninsured motorist benefits and medical payments in the underlying action. Presumably, Owens advances her "ample authority" argument to show that appellees pursued the underlying suit against her without substantial justification, in violation of OCGA § 51-7-81 (2). We note that although questions of fact are usually for the jury's determination, whether or not Generali's suit had a basis in law at the time it was filed is a question of law. It was therefore appropriate for the trial judge to pass on this issue of law in determining whether Generali's suit was without legal foundation when it was filed.

Owens correctly argues that OCGA § 44-12-24 prohibits the assignment of a right of action for personal torts. And, as we pointed out in *Generali*, an *insurer* could not bring suit directly against an uninsured motorist based on an assignment of the *insured's* right of action without violating OCGA § 44-12-24. *Generali*, supra at 585. However, even in light of OCGA § 44-12-24, after reviewing the cases cited by Owens in support of her argument, we disagree that so much authority existed on this point that when Generali filed its suit, appellees instituted abusive litigation.

In addition to *Clark*, supra, Owens cites *Govt. Employees Ins. Co. v. Hardman*, 212 Ga. App. 367 (444 SE2d 165) (1994) and *Govt. Employees Ins. Co. v. Hirsh*, 211 Ga. App. 374 (439 SE2d 59) (1993) as support for her "ample authority" argument. Although both cases address the insurer's direct pursuit of medical benefits against the respective defendants, neither case deals with a subrogation claim for uninsured motorist benefits, which is also at issue in the instant case. Both cases also construe the specific subrogation language contained in the respective policies. The same holds true for another case cited by Owens, *Southern Gen. Ins. Co. v. Ezekiel*, 213 Ga. App. 665 (445 SE2d 807) (1994), decided June 24, 1994. Therefore, *Hirsh*, *Hardman*, and *Ezekiel* do not provide the authority for her position that Owens contends.

The case cited by Owens most factually similar to the instant case is *Clark*, supra, which is the same case this Court relied upon in finding for Owens in the initial action. See *Generali*, supra. With

respect to Owens' argument that *Clark* was ample authority to render appellees' pursuit of the underlying action "without substantial justification," we disagree. Although we held in *Generali,* supra, that *Clark* was not distinguishable from the facts of *Generali,* appellees correctly point out that *Clark* was not binding precedent, but physical precedent only. This is so because one judge on the three-judge panel, Presiding Judge Deen, concurred in the judgment only. *Clark,* supra at 32. "A judgment which is fully concurred in by all Judges of the division is a binding precedent; if there is a . . . concurrence in the judgment only, the opinion is a physical precedent only." Court of Appeals Rule 33 (a). Additionally, the parties have not cited and we have not located any other binding authority decided subsequent to *Clark* and prior to the filing of Generali's suit in support of Owens' argument.

"Without substantial justification" is defined generally in OCGA § 51-7-80 (7) as asserting a position which is frivolous, groundless in fact or law, or vexatious. Although Owens argues that sufficient authority existed at the time Generali filed its suit against her to make that suit abusive under OCGA § 51-7-80 et seq., our review of the cases cited by Owens indicates that although ultimately without merit, Generali's position, at the time it filed suit, was not frivolous, groundless in fact or law, or vexatious. See OCGA § 51-7-80 (7). Therefore, Generali's challenge to *Clark* in the underlying action, both with respect to insurer direct tort actions and insurer direct tort actions for medical payments, was not "without substantial justification" so as to sustain Owens' claim for abusive litigation.

3. Owens argues that the trial court erred in granting summary judgment to appellees because there were material facts in evidence to the effect that appellees acted with malice and without substantial justification. Because OCGA § 51-7-81 requires *both* malice and lack of substantial justification on behalf of the abusive litigation defendant in order to find liability, our holding in Division 2 that appellees did not act without substantial justification makes this question moot.

However, in connection with Owens' arguments as to malice and substantial justification, we note that she has not cited and we have not located in the record any instance of malice on behalf of appellees. "Malice" is defined by OCGA § 51-7-80 (5) as "acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." As Owens failed to show that appellees acted both with malice and without substantial justification in pursuing the underlying suit, after viewing all the evidence and drawing all

reasonable inferences from that evidence in a light most favorable to Owens, we cannot say the trial judge erred in granting summary judgment for appellees on Owens' abusive litigation claim. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

4. Having upheld the grant of summary judgment for appellees, we address together Owens' remaining two enumerations of error, which assert that the judge, in making a ruling on the summary judgment motion, should not have relied upon old rulings in Generali's favor from the underlying case which were later reversed by that trial judge, and further should not have relied upon the fact that in *Generali*, supra, when the case came before this Court on appeal, we declined to impose a penalty on Generali for frivolous appeal. See Court of Appeals Rule 15 (b).

Contrary to Owens' assertion, and pretermitting the question of whether the trial judge was authorized to consider either of these facts, nothing in the record or the trial judge's order granting summary judgment indicates that he did consider these facts. "The burden is on the party asserting error to show it affirmatively by the record." *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (1) (424 SE2d 807) (1992). "This court will not presume the trial court committed error where that fact does not affirmatively appear." (Citation and punctuation omitted.) Id. at 235-236. Because "a summary judgment right for any reason will be affirmed," the trial court did not err in granting summary judgment to appellees. (Citations and punctuation omitted.) *Garrett v. Life Ins. Co. &c.*, 221 Ga. App. 315, 319 (2) (b) (471 SE2d 262) (1996).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 21, 1997.

*Robert H. Benfield, Jr.*, for appellant.
*Downey & Cleveland, Y. Kevin Williams, William C. Anderson*, for appellees.