A08A1537. BAYLIS et al. v. DARYANI.
(669 SE2d 674)

BARNES, Chief Judge.

Andrella Baylis and $CI^2$, Inc.,[1] (collectively "Baylis"), the defendants below, appeal the orders entered in favor of Sam Daryani d/b/a Custom House, Ltd., striking Baylis's answer, dismissing $CI^2$'s counterclaim, and entering a default judgment against Baylis and $CI^2$. Baylis contends the trial court erred by holding that Baylis's answer was required to comply with the "magic language" contained in OCGA § 9-10-112[2] even though that Code section conflicts with OCGA § 9-11-8 (b) and further contends the trial court erred by dismissing $CI^2$'s counterclaim. Finding no error, we affirm.

---

[1] Daryani's complaint also asserted claims against Tony Fannin, but he was never served with process; the trial court's orders being appealed did not apply to him, and, thus, he is not a proper party to this appeal.

[2] "Whenever an action is brought on an open account and the same is verified by the plaintiff as provided by law, the answer either shall deny that the defendant is indebted in any

1. The record shows that Daryani filed a verified complaint on an open account against Baylis and $CI^2$, and service was made on Baylis and $CI^2$. Baylis and $CI^2$ filed an unverified answer, which included $CI^2$'s counterclaim against Daryani asserting an abusive litigation claim under OCGA § 9-15-14. Later, the defendants filed an amended verified answer striking paragraph 2 in the unverified answer, contending that $CI^2$ had not been served with process, and replacing paragraph 2 with a paragraph captioned "Insufficiency of Process" concerning $CI^2$. Even though it contained a general denial of the allegations of the complaint, the amended answer did not deny specifically, in the terms required by OCGA § 9-10-112, that Baylis and $CI^2$ were indebted to Daryani in any sum or allege any specific amounts that they were indebted to Daryani.

Alleging that the defendants had not complied with OCGA § 9-10-112, Daryani moved to strike their answer and enter judgment in his favor. The trial court found that the requirements of OCGA § 9-10-112 were compulsory and that Baylis and $CI^2$ were required, in a verified answer, to deny that they were indebted to Daryani in any sum or to specify the amount they admitted they might be indebted to Daryani. Because the trial court found that Baylis and $CI^2$ had not done so, the court granted the motion to strike the defendants' answer, found that they were in default, and entered judgment for Daryani.

Although Baylis and $CI^2$ contend the trial court erred by relying upon OCGA § 9-10-112 because it is "faulty" and conflicts with the general provision of the Civil Practice Act, OCGA § 9-11-8 (b), it is well settled that " 'a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent.' " (Footnote omitted.) *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001). We find no indication that the General Assembly intended for the general statute to control the specific. Additionally, the trial court did not err by concluding that the provisions of OCGA § 9-10-112 were mandatory. The general rule is that "shall" is recognized as a command, and is mandatory. See *State v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993); *Jones v. Douglas County*, 262 Ga. 317, 323 (1) (d) (418 SE2d 19) (1992).

Because the defendants' answer did not comply with the requirements of OCGA § 9-10-112, the trial court did not err by striking their answer. "Where a suit is brought on a verified open account and the defendant's plea does not comply with OCGA § 9-10-112's pleading requirements, the plea is properly struck. *Nelson v. Mexicana de Jugos y Sabores*, 139 Ga. App. 612 (2) (229 SE2d 102)

---

sum or shall specify the amount in which the defendant admits he may be indebted and it shall be verified as required by law."

(1976)." *Harper v. Carroll Tire Co.*, 237 Ga. App. 767, 768 (516 SE2d 811) (1999). Although this court reversed the default judgment in a civil action on an open account in *Harper v. Carroll Tire*, that reversal is distinguished from the instant case because the plaintiff did not file a verified complaint. The defendants' reliance upon *Howard v. Smith*, 226 Ga. 850, 852 (178 SE2d 159) (1970), is misplaced because the Code sections in question were modified by the General Assembly.

2. $CI^2$ also contends the trial court erred by dismissing its counterclaim for abusive litigation. The record shows that Daryani originally moved to dismiss this counterclaim because it sought relief under OCGA § 9-15-14, and he alleged the proper method for seeking a recovery under that Code section was by motion, not counterclaim. Before the trial court could rule on the motion, however, $CI^2$ amended its counterclaim to seek relief under "OCGA § 51-7-80 et seq." The trial court, however, dismissed the counterclaim against Daryani because it did not comply with the notice provisions of OCGA § 51-7-84.[3] This Code section establishes as a condition precedent for any abusive litigation claim under Article 5 of Title 51, see OCGA § 51-7-81, that the person alleged injured by the abusive litigation give written notice by some means that would show that the "person against whom such injured person intends to assert a claim for abusive litigation" and give this person the "opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other position" giving rise to the abusive litigation claim. OCGA § 51-7-84 (a).

The record reflected that $CI^2$ failed to provide sufficient notice in this litigation as required by OCGA § 51-7-84. Instead, $CI^2$ relied upon a notice that it had given Daryani in a prior action between the parties. This notice is not sufficient. "The abusive litigation tort set forth in OCGA § 51-7-80 et seq. is in derogation of the common law, and must be strictly limited to the meaning of the language used, and

---

[3] (a) As a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail or statutory overnight delivery or some other means evidencing receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation and shall thereby give the person against whom an abusive litigation claim is contemplated an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other position. Such notice shall identify the civil proceeding, claim, defense, motion, appeal, civil process, or other position which the injured person claims constitutes abusive litigation.

 (b) An action or claim under this article requires the final termination of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination.

not extended beyond the plain and explicit statutory terms." (Citation omitted.) *Kirsch v. Meredith*, 211 Ga. App. 823, 825 (440 SE2d 702) (1994). As "[t]he stated purpose [of OCGA § 51-7-84] is to give the prospective defendant to the abusive litigation claim an opportunity to voluntarily withdraw his [complaint]," *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312, 313 (2) (408 SE2d 125) (1991), even assuming the validity of the notice given in the earlier case, it cannot satisfy the notice requirement in this case because Baylis was not given the opportunity to withdraw his complaint in this action. Thus, $CI^2$'s overly broad definition of "claim" is of no assistance in this matter. The trial court did not err by dismissing $CI^2$'s counterclaim. *Davis v. Butler*, 240 Ga. App. 72, 73 (1) (a) (522 SE2d 548) (1999).

3. In their brief Baylis and $CI^2$ argue that this action should have been barred by the statute of limitation. As this allegation was not enumerated as error, it is not properly before us. "Matters not enumerated as error will not be considered on appeal." *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970).

Further, by not obtaining a ruling on the statute of limitation defense before judgment was entered against them, Baylis and $CI^2$ have waived it. Even though the statute of limitation defense was raised in their answer, a defendant must file a motion in such regard or otherwise attempt to raise such issue before the trial court entered judgment against them.

A defendant may not avail himself of an affirmative defense which he failed to properly present. As pointed out in decisions prior to the Civil Practice Act: "The bar of the statute of limitation is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases. The statute in most instances operates upon the remedy and not the right; and hence if the defendant chooses not to raise the objection of the lapse of the statutory time, the right will be enforced, and will result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period."

(Citations and punctuation omitted.) *Searcy v. Godwin*, 129 Ga. App. 827, 829 (1) (201 SE2d 670) (1973).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 2008 —
RECONSIDERATION DENIED NOVEMBER 20, 2008 —

*Pat D. Dixon, Jr.*, for appellants.
*Donald R. Donovan*, for appellee.