**FOURTH DIVISION
DILLARD, C. J.,
DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 21, 2018**

# In the Court of Appeals of Georgia

A18A0709. DUNWOODY PLAZA PARTNERS, LLC et al. v. DO-025
MARKOWITZ.

DOYLE, Presiding Judge.

Dunwoody Plaza Partners, LLC ("the Plaza"), and its attorney, Perry A. Phillips, filed a complaint against Dunwoody Cigars of Atlanta, LLC ("DCA"), and Jay Markowitz, alleging one count of abusive litigation; the complaint also named several other individual defendants[1] against whom the Plaza made allegations of fraudulent transfers and requested disgorgement of wrongfully distributed funds in

---

[1] The other individuals — Ron Harris, Roger Steffens, Steve Hindman, Clay Burton, Patrick Carr, and Bob Scheetz — are not parties to this appeal.

the amount of $102,434.31 from the individual defendants, Markowitz, and DCA, as well as punitive damages and attorney fees under OCGA § 9-15-14.[2]

In response, the individual defendants (aside from Markowitz) filed motions for summary judgment, while Markowitz filed a motion for attorney fees under OCGA § 9-15-14. After a hearing on Markowitz's motion for attorney fees, the trial court granted his motion on the basis that Phillips and the Plaza failed to provide adequate notice to Markowitz under OCGA § 51-7-84 (a) prior to filing the abusive litigation claim, meeting the standard for an award under OCGA § 9-15-14.

The Plaza and Phillips appeal, arguing that the trial court erred by granting Markowitz's motion for attorney fees under OCGA § 9-15-14 because (1) the letters mailed to DCA's attorneys met the statutory requirements for abusive litigation notices, or there was a question of fact as to whether the abusive litigation notices were proper as to Markowitz; and (2) the fee award was not supported by the evidence. For the reasons that follow, we reverse.

*History*

---

[2] The appellants filed an application for discretionary appeal, which this Court granted, and the appellants timely filed a notice of appeal therefrom.

2

The record shows that DCA leased a strip-mall property from the Plaza, and in 2015, the two entities became engaged in a dispute over the end date of the lease. DCA filed a declaratory judgment action in superior court against the Plaza. Thereafter, the Plaza filed a dispossessory action against DCA in state court, and DCA answered.

In January 2015, attorney Robert Sichel sent a letter to the Plaza stating that he represented DCA; this letter included references to Markowitz.[3] In February 2015, Sichel also sent multiple emails to Phillips in which he refers to his "clients" (in plural) in response to whether Markowitz had extended the lease or if the Plaza had committed a breach. In one email, Sichel chastised Phillips for including Markowitz's email on a response, and Sichel threatened Phillips not to communicate to his "clients" again. Robert Mulholland of The Mulholland Law Firm, P. C., ("the Firm") was copied on those emails. In May and June of 2015, Mulholland began communicating with Phillips on behalf of DCA, including an email in which Mulholland admonished Phillips for allowing an employee of the Plaza to contact and allegedly threaten Markowitz; Mullholland warned Phillips from communicating with "my client. That includes any of the Officers."

---

[3]Markowitz was the corporate representative and managing partner of DCA.

On May 22, 2015, while the declaratory judgment action and dispossessory action were pending, the Plaza sent two letters to Mulholland and Thomas J. Lyman, care of the Firm, advising them (1) that both the declaratory judgment case filed by DCA against the Plaza and DCA's defenses filed in the dispossessory action filed by the Plaza constituted abusive litigation under OCGA § 51-7-80 et. seq., (2) that Markowitz as a member or manager of DCA authorized the abusive litigation (specifically the declaratory judgment action), and (3) that if the declaratory judgment action and defenses to the dispossessory action were not dismissed or withdrawn, the Plaza would file abusive litigation claims against "you, your firm, [DCA], its members and managers."

Lyman deposed that he, Mulholland, Sichel, Markowitz, and the other owners of DCA all met when he, Mulholland, and Sichel were customers of DCA, and he appeared as the attorney for DCA at the dispossessory action hearings. Lyman deposed that he withdrew from representation in the case around July 2015, and the Firm's work in the cases largely was a favor for all of the owners of DCA.

On June 18, 2015, the Plaza filed a second dispossessory action against DCA for non-payment of rent. Eventually, DCA closed, the dispossessory cases ended in

4

favor of the Plaza, and the Plaza obtained a large award in its favor in the declaratory judgment action, which DCA originally had filed against the Plaza.

*Abusive Litigation Case*

In the present case, James A. Gober and his law firm Arnall, Golden, Gregory LLP, filed an entry of appearance and later an answer and amended answer on behalf of DCA, Markowitz, and the six other named defendants. Although Gober filed motions for summary judgment on behalf of five out of seven individual defendants,[4] Gober filed on behalf of Markowitz only a "Motion to Recover Attorney Fees and Expenses of Litigation" under OCGA 9-15-14, claiming that the Plaza's abusive litigation claim against him was not filed with prior notice to him as required by OCGA § 51-7-84 (a), and therefore, he was due attorney fees and expenses under OCGA § 9-15-14.

The Plaza filed a consent order dismissing without prejudice its claims against five out of the seven individual parties. Following a hearing, the trial court granted Markowitz's attorney fee motion, holding that the Plaza did not provide Markowitz with the statutorily required abusive-litigation notice, and therefore, the Plaza's

---

[4] No motion for summary judgment appears to have been filed on behalf of Scheetz.

abusive-litigation claim against him "lacked substantial justification," was "groundless," "plainly foreclosed," and "unsupported by the facts known to [the Plaza] before filing suit." At the time of the hearing, Gober testified that he billed 270 hours for a total of $134,810 in fees to defend all of the defendants against all of the claims.[5] After finding that the Plaza and its attorney should have known that notice was not served on Markowitz, the court awarded $16,850[6] in attorney fees to Markowitz under OCGA § 9-15-14 (a) and (b).

Procedurally, the trial court failed to rule on any dispositive motion as to the claims against Markowitz, but essentially sua sponte granted summary judgment to Markowitz based on the language of its order. Accordingly, this order was directly appealable.[7]

---

[5] Gober's bills at the time of the hearing did not include the preceding month's time.

[6] The trial court's order does not explain how the court arrived at this number.

[7] The trial court expressly found "that there [was] no just reason for delay" and entered a final judgment "even though the [c]ourt [had] adjudicated fewer than all the claims against all the parties." A "court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." OCGA § 9-11-54 (b). See also *Condon v. Vickery*, 270 Ga. App. 322, 327 (3) (a) (606 SE2d 336) (2004) (motion for attorney's fees under OCGA § 9-15-14 may not be elevated to a separate cause of action).

1. *Abusive Litigation Claim*. The Plaza argues that the trial court erred by granting Markowitz's motion for attorney fees and expenses because the abusive litigation notice letter sent to the Firm met the statutory requirements of OCGA § 51-7-84 as applied to Markowitz, or alternatively, that there was a question of fact as to the issue of sufficiency of the abusive litigation notice.

OCGA § 51-7-84 (a) states that

[a]s a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail or statutory overnight delivery or some other means evidencing receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation and shall thereby give the person against whom an abusive litigation claim is contemplated an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other position. Such notice shall identify the civil proceeding, claim, defense, motion, appeal, civil process, or other position which the injured person claims constitutes abusive litigation.[8]

This Court has explained that because "[t]he abusive litigation tort . . . is in derogation of the common law, [it] must be strictly limited to the meaning of the

---

[8] (Punctuation omitted.) *Baylis v. Daryani*, 294 Ga. App. 729, 731 (2) (669 SE2d 674) (2008).

language used . . . and not extended beyond the plain and explicit statutory terms."[9]

"The result of strict judicial construction is that *every* person against whom an injured litigant would seek damages for abusive litigation must be given specific notice of that intent."[10]

We agree with the trial court that the Plaza and Phillips failed to adequately serve the abusive litigation notice letters on Markowitz as an individual, which is the capacity in which they sued him, and their attempt to serve Markowitz by serving the Firm failed to constitute sufficient notice as to Markowitz under our case law, including *Owens v. Generali-United States Branch*,[11] because that firm was not representing Markowitz in his individual capacity. Although we have no doubt that Markowitz, as the corporate representative and managing partner of DCA, received actual notice of the abusive litigation letters sent to the Firm, such notice is not sufficient to meet the requirements of the statute as to Markowitz individually even

---

[9] (Punctuation omitted.) *Owens v. Generali-United States Branch*, 224 Ga. App. 290, 292 (1) (480 SE2d 863) (1997); see also *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312, 314 (2) (408 SE2d 125) (1991).

[10] (Emphasis in original.) *Carroll County Water Auth. v. Bunch*, 240 Ga. App. 533, 534 (523 SE2d 412) (1999).

[11] 224 Ga. App. at 291-293 (1). See *Talbert*, 200 Ga. App. at 314 (2).

though it was sufficient notice for DCA and the Firm. Because the Plaza and Phillips have failed to present any evidence that the Firm was representing Markowitz individually or separately from DCA, the trial court properly granted summary judgment sua sponte as to this claim.[12] The Plaza's and Phillips's mistake about the status of Markowitz's legal representation simply is not sufficient to create a question of fact as to proper notice under the abusive litigation statute.

That said, we agree with the Plaza and Phillips that the trial court erred by granting Markowitz's motion for attorney fees under OCGA § 9-15-14.

2. *Attorney fee award*. Under OCGA § 9-15-14 (a), a trial court shall award reasonable and necessary attorney's fees where a party has asserted a position that lacked any justiciable issue of law or fact so that it could not reasonably be believed that a court would accept it. The court may also award attorney's fees under OCGA § 9-15-14 (b) if it finds that a party brought an action or raised a defense that lacked substantial justification, brought an action for delay or harassment, or unnecessarily expanded the proceeding by other improper conduct. Nevertheless, "[a]n applicant is not entitled to attorney fees merely because summary judgment was granted in his favor; [a] grant of summary judgment does not per force result in an award of attorney

---

[12] See *Talbert*, 200 Ga. App. at 314 (2).

9

fees for the prevailing party."[13] "Notwithstanding the 'any evidence' standard of review, when considering an appeal from an award of attorney fees . . . , we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law."[14]

The record does not support the trial court's award to Markowitz under OCGA § 9-15-14 because there existed a justiciable issue as to whether the abusive-litigation notice letters were served properly on Markowitz. The Plaza and Phillips successfully served adequate notice under OCGA § 51-7-84 (a) on Markowitz's co-defendant DCA and the Firm, which were the attorneys representing DCA.[15] One of the notice letters specifically named Markowitz, and the notice letters alerted the members of DCA, including Markowitz, that they needed to cease the litigation against the Plaza or risk facing abusive litigation claims. Markowitz was the managing partner and corporate representative of DCA, and there is at least some evidence that Markowitz was directing the litigation.

---

[13] *Brown v. Kinser*, 218 Ga. App. 385, 387 (1) (461 SE2d 564) (1995).

[14] (Punctuation omitted.) Id. at 387 (2).

[15] See *Owens*, 224 Ga. App. at 291-293 (1).

Additionally, statements by both Mulholland and Sichel to Phillips were ambiguous as to whether Markowitz was a client of those attorneys separate from DCA, including statements warning Phillips not to speak with Markowitz. Based on the evidence presented in the deposition, affidavits, and emails, it was not clear that the Firm, Mulholland, or Lyman clearly communicated which parties they represented. And an individual connected to DCA would have had to have knowledge of the abusive litigation notices, and based on Markowitz's status as corporate representative, it was not unreasonable for Phillips to expect that person to be him and therefore receive actual notice of the threatened abusive litigation claims.

Thus, the trial court's conclusion that the abusive litigation claim against Markowitz "lacked substantial justification," was "groundless," "plainly foreclosed," and "unsupported by the facts known to [the Plaza and Phillips] before filing suit" was therefore an abuse of discretion.[16] Accordingly, the judgment is reversed.[17]

---

[16] See *Wallace v. Noble Village &c.*, 292 Ga. App. 307, 311 (664 SE2d 292) (2008) (holding that trial court improperly awarded attorney fees even though the plaintiff sued the incorrect corporate defendant because a third party had provided documents indicating that defendant owned the facility); *Hyre v. Paxson*, 214 Ga. App. 552, 556-557 (10) (449 SE2d 120) (1994).

[17] Although we need not reach this issue, we note that the award was an inappropriate lump sum in which the court appears to have divided the total fees of $134,810 evenly among the eight defendants and then awarded one eighth of the fees

11

*Judgment reversed. Dillard, C. J., and Mercier, J., concur.*

---

to Markowitz without separating out Gober's work for Markowitz, which was not the same as his work for the other defendants for whom Gober filed motions for summary judgment and negotiated dismissals. See *Butler v. Lee*, 336 Ga. App. 102, 106 (2) (783 SE2d 704) (2016); *City of Albany v. Pait*, 335 Ga. App. 215, 220 (4) (780 SE2d 103) (2015) ("When awarding attorney fees under OCGA § 9-15-14, the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Thus, lump sum or unapportioned attorney fees awards are not permitted in Georgia.").

12